**STOCKTON v. LEDERER, Internal Revenue Collector (two cases).**

(District Court, E. D. Pennsylvania. December 23, 1919.)

Nos. 5628, 5800.

INTERNAL REVENUE ⬧7—ACCUMULATION FOR CHARITABLE PURPOSES NOT SUBJECT TO INCOME TAX.

    Income of the estate of a testator in the hands of trustees *held* not subject to tax, under Act Sept. 8, 1916, c. 463, § 2(b) (Comp. St. § 6336b), where by the terms of the will a portion of it, so small as to be exempt from tax, is to be used in payment of an annuity, and the remainder, added to the corpus of the estate at the end of the annuity term, is to be paid over to a charity, which, under section 11a (Comp. St. § 6336k), is exempt from the tax.

At Law. Actions by Alexander D. Stockton, sole surviving trustee under the will of Alexander J. Derbyshire, deceased, against Ephraim Lederer, Collector of Internal Revenue. Judgments for plaintiff.

Prichard, Saul, Bayard & Evans, of Philadelphia, Pa., for plaintiff.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. As precisely the same questions of fact and of law arise in each of the above cases, we dispose of them in one opinion. The findings of fact and the conclusions of law accompanying this opinion are to be taken as found separately in each case, respectively.

The broad question discussed in this case involves an inquiry into the meaning of the acts of Congress taxing incomes. The particular income is that accruing to an unsettled decedent's estate. The line of thought pointed out to us by counsel for the United States as we grasp the thought and are able to follow the line is, roughly stated, this:

In defining the persons whose incomes are made subject to the tax Congress created a person whose entity may be recognized through the use of the descriptive phrase of decedent's estates. The thought may be readily grasped by calling to mind one of the very numerous situations created out of the fact that some one has died seized and possessed of property, the possession and the legal title to which passes to his representatives and is held by them for an indefinite time. Dur-

ing this time income accrues and is received. The phrase commonly in use to describe this situation is intelligible and sufficiently expressive in itself. It is "income of the estate," as distinguished from the person or persons to whom it ultimately goes. If this income is visually traced as issuing out of the corpus of the estate and flowing into the hands of the legal representatives of the testator or other decedent, and then being distributed in whole or in part after diminution and division, if there be any, to the person or persons to whom it ultimately goes, the distinction between the income of the estate and the income of the beneficiaries under the will or other ultimate recipients is brought to light with satisfactory clearness.

The estate with which we are concerned is that of a testator who had charged his estate with certain annuities, or what were practically the equivalent of annuities, and had given the residue to a charity. More accurately speaking, he had bequeathed and devised his whole estate to his executors qua trustees in trust to invest and keep invested and to pay the annuities, and after the coming of age of one of them and death of the survivor of the others pay over the corpus of the estate, together with the accumulated income, to the charity.

Applying the doctrine which counsel for the United States asks to have applied, as above outlined, a tax has been assessed upon the income as it has accrued to the trustees. In order to complete the statement of facts, although the bearing of these features upon the question before us is not seen, it may be added that application was made to the court, having jurisdiction of the estate, to distribute to the residuary cestui que trustent the balance of the estate after making provision for the assurance of the payment of the annuities and their release. This was upon the practical ground that the ownership of the corpus of the estate and the excess income over and above the payment of the annuities vested in the charity. Distribution was refused by the court. Resort was then had to the practical expedient of the trustee investing the funds of the estate in the form of a loan to the institution representing the charity, upon which loan the charity paid an interest sufficient to take care of the administrative charges and the payment of the annuities. The annuities have all fallen in, except one small one.

The argument of counsel for the United States, concisely and perhaps inadequately stated, is that, the estate being an entity or person having an income within the meaning of the tax laws, this income is taxable as such notwithstanding the fact that it ultimately goes to the charity. The thought upon which the argument is based is supported by the statement that, notwithstanding the fact that the estate is large and the income therefrom many times the sum required to meet the annuities, there is no legal certainty that anything will go to the charity. The income as income belonging to the estate is taxable under the provisions of the taxing statute, and is exempt only so far as it goes to the charity. Therefore, if it does not go to the charity, there is no ground of exemption, and as it cannot now be determined with legal certainty that it will go to the charity, it remains taxable.

There are at least two obstacles in the way of the acceptance of this argument as sound. One is that there are two grounds of exemption from taxation. A part of the income is exempt because of the exemption in favor of charity. The other part is exempt because it is below in amount the taxable limit. The two take in the whole income, and it is difficult to escape the conclusion that if the whole income is exempt, none of it is taxable. The other obstacle is really the same viewed from a different standpoint. It is that this income is not the income of the estate, but of the parties to whom it is given. The legal representatives of the testator are nothing more than the reservoir and conduit pipe through which the income reaches the beneficiaries of the testator's bounty. If that income is cut off, so that it does not arise or is lost in the hands of the trustees, the loss is the loss of the beneficiaries. This is nothing more than the emphatic statement that the income which the United States is proposing to tax is their income. Moreover, it may be stated in addition that the fact theory upon which counsel for the United States base their argument is wholly fanciful and artificial. Practically speaking, there is a surplus of income which goes to charity, so that the whole fabric of the argument is based upon a legal figment, and to recur to the thought already expressed, as no part of the income is taxable if it is the income of the beneficiaries, we do not see how the fact that the charitable beneficiary may not receive its share in any way affects the question.

We have dealt with the case as to its facts on the basis of the corpus of the residuary estate, together with the accumulations of income going under the will to the charity. Of course, if there were here an intestacy as to the whole or any part of the estate an entirely different question would arise, because the income which is claimed to be taxable would not be within the exception to the act. We have viewed the question of intestacy as a closed question for the reason that this will has been construed by the state courts, and the finding made thereon fixes the status of all possible claimants. As a consequence we must perforce accept this finding, inasmuch as a finding by this court that any portion of the estate, either corpus or income, passed to distributees under the intestate laws would be the finding of something which does not exist and which legally cannot possibly come into existence. As a further consequence we have not taken up the subject of intestacy, but accept the ruling made that the decedent did not die intestate as to any part of his estate.

It may be conceded that the income from this estate is within the general taxing clause of the act of Congress because all persons who receive income which ultimately goes to another are required to withhold out of the income a sum equivalent to the normal income tax and render a return thereof, etc. It is to be observed, however, that the income out of which this tax sum is to be withheld is the income of some one who is subject to the tax, and subclause (a) of clause G (38 Stat. 172) provides that income moneys which go to charity and other named institutions of like general character are not within the taxing clause of the act. This statement is made with respect to the provisions of the taxing act of 1913 (Act Oct. 3, 1913, c. 16, 38 Stat.

114) assuming it to include the incomes from unsettled decedent's estates which were included by the act of 1916 (Act Sept. 8, 1916, c. 463, 39 Stat. 756).

The act of 1917 (Act Oct. 3, 1917, c. 63, 40 Stat. 329), so far as we have been able to discover, does not change the situation. The language employed in the act of 1916, which makes clear the inclusion of incomes from decedent's estates as taxable, is open to a construction which would include the income which is derived from the assets of this estate, but section 11 (a) of the same Act (Comp. St. § 6336k), specifically provides that income which belongs to a charitable institution shall not be subject to the tax. The part of the income which goes to the sole remaining annuitant is not taxable because of the provision which is in every one of the acts declaring incomes up to a certain amount not to be taxable under the act.

We are therefore of opinion that no part of the income from this estate is subject to the tax, and that the plaintiff is entitled to recover judgment for the sum set forth in the pleadings. We understand there is no controversy over the amount for which judgment should be rendered, and the plaintiff may enter formal judgment for the sum demanded in each case.

We accompany this opinion with findings of fact and conclusions of law, in accordance with the requests submitted by plaintiff, as follows:

### Findings of Fact.

The facts are found as requested in requests of plaintiff 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15.

### Conclusions of Law.

We find and state conclusions of law in accordance with the requests of the plaintiff, as follows:

Requests 16, 17, 18, and 19 are found as requested.

The conclusion with respect to request 20 is that judgment may be entered in each of the cases before us for such sum as counsel may agree to be the correct sum in each case. We retain jurisdiction of the causes to find and determine the amounts for which judgment may be entered, in the event that counsel fail to so agree.

Defendant's requests for conclusions of law are answered as follows:

Requests 1, 2, 3, and 4 are denied.

Requests for findings of fact are answered as follows:

1. Finding 1 is made as requested, in the respect that the income referred to is income derived from the assets of the estate of the decedent pending its administration and final distribution. The income and corpus of this estate is distributable in accordance with the will of the testator, Alexander J. Derbyshire.

2. So far as finding 2 is of a question of fact, it is found that the law of the distribution of this estate was declared by the Supreme Court of the state of Pennsylvania in Biddle's Appeal, 99 Pa. 525, to be that the corpus of the estate was not distributable in the lifetime of the annuitants.

3. So far as finding 3 is one of fact, it is that the law of this case is that the trust referred to remains an active trust during the life of the annuitants, in so far as that the corpus of the estate is not distributable until after the death of the last annuitant.