## LEDERER, Collector of Internal Revenue, v. STOCKTON.*

(Circuit Court of Appeals, Third Circuit. July 8, 1920.)

No. 2547.

Internal revenue ⊚⟿7—Fund in fact owned by hospital not subject to income tax.

Where a testator bequeathed his residuary estate to a hospital, to be held by a trustee, subject to payment of certain life annuities, and the trustee invested the fund in a loan to the hospital, which was its owner, on payment of sufficient interest to cover administration charges and the small annuity to the sole surviving annuitant, the income of such fund *held* not subject to tax under Act Oct. 3, 1913, or under Act Sept. 8, 1916, (Comp. St. § 6336a et seq.), both of which by pertinent provisions expressly declare the purpose to exempt from tax the income of any "corporation or association organized and operated exclusively for * * * charitable * * * purposes" (section 6336k).

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Alexander D. Stockton, sole surviving trustee under the will of Alexander J. Derbyshire, deceased, against Ephraim Lederer, Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 262 Fed. 173.

Charles D. McAvoy, U. S. Atty., and Robert J. Sterrett, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff in error.

James Wilson Bayard and Prichard, Saul, Bayard & Evans, all of Philadelphia, Pa., for defendant in error.

J. C. Rogers, of Williamsport, Pa., for Bureau of Internal Revenue.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari granted 254 U. S. —, 41 Sup. Ct. 15, 65 L. Ed. —.

BUFFINGTON, Circuit Judge. In the court below, Stockton, trustee under the will of Alexander J. Derbyshire, brought suit and recovered a verdict against Lederer, United States collector of internal revenue, to recover income taxes illegally, as he alleged, collected from him. On entry of judgment on such verdict, the defendant sued out this writ.

By his will Alexander J. Derbyshire, who died in 1879, devised his residuary estate to "the contributors to the Pennsylvania Hospital," a corporation of Pennsylvania created for charitable uses and purposes, and no part of the net income thereof is for the benefit of any private stockholder or individual. The devise was subject to the payment to certain annuitants, all of whom, save one, have died. The residuary estate amounts to several hundred thousand dollars, its annual income is substantially $15,000 and upwards, and the remaining annuity is for a few hundred dollars per year. The construction of the will came before the Supreme Court of Pennsylvania in Biddle's Appeal, 99 Pa. 525, wherein the title to the residuary estate was adjudged vested in the hospital; the court saying:

"The residuary devise, being in trust for a charitable use and purpose, comes within the proviso to the ninth section of the act of April 18, 1853, and therefore is not within the prohibitory clause of the section forbidding accumulations after the death of the testator for a term longer than therein specified."

The court further held that it should not be paid to the hospital until after the death of all the annuitants. As stated by the court below in its opinion:

"Resort was then had to the practical expedient of the trustee investing the funds of the estate in the form of a loan to the institution representing the charity, upon which loan the charity paid an interest sufficient to take care of the administrative charges and the payment of the annuities. The annuities have all fallen in, except one small one."

It will thus be seen that, while the residuary estate remains theoretically and for purposes of accounting in the hands of the trustee, it is already in the possession of the hospital in the shape of money loaned on mortgage, and upon such loan the hospital is paying to the trustee only such interest as takes care of administrative charges and the surviving annuity. Under such circumstances, the collector assessed and collected, under protest, from the trustee on June 26, 1917, the sum of $4,273.42, being on the income of the residuary estate for the years 1913, 1914, 1915, and 1916, and on June 11, 1918, an income and excess profit tax of $6,842.02 upon the income of the residuary estate of 1917. It is, of course, apparent the trustee has no financial interest in the residuary payment, and while this large sum is in theory assessed as a tax on income received by the trustee or the testator's estate, the whole sum is paid at the expense, and from the property, of the hospital. The question, then, in substance and practice, resolves itself into this: Is this hospital liable for income tax?

In view of the fact that Congress in the pertinent taxing act of 1913 (Act Oct. 3, 1913, c. 16, 38 Stat. 168, 172) said:

"All persons, firms, companies, copartnerships, corporations, joint-stock companies or associations, and insurance companies except as hereinafter provided, in whatever capacity acting, having the control, receipt, disposal, or payment of fixed or determinable annual or periodical gains, profits, and *income of another person subject to tax*, shall in behalf of such person deduct and withhold from the payment an amount equivalent to the normal income tax upon the same and make and render a return. * * * Nothing in this section shall apply * * * to any corporation or association organized and operated exclusively for religious, charitable, scientific, or educational purposes, no part of the net income of which inures to the benefit of any private stockholder or individual"

—it follows that he who construes and applies that statute to warrant taxation of a charity is doing what Congress said should not be done, viz. "that nothing in this section shall apply," etc. So, also, when Congress in the act of 1916 (Act Sept. 8, 1916, c. 463, 39 Stat. 756) again said:

"That there shall not be taxed under this title any income received by any * * * corporation or association organized and operated exclusively for religious, charitable, scientific, or educational purposes, no part of the net income of which inures to the benefit of any private stockholder or individual."

—it follows that he who taxes, under this statute, the income of a hospital, is taxing that which Congress expressly said should not be taxed, viz. "that there shall not be taxed under this title any income received by any * * * corporation for * * * charitable * * * purposes." Section 11 (Comp. St. § 6336k).

As justification for assessing this tax, it contended, however, that as the act of 1916 forbids taxation on "any income *received* by any * * * corporation * * * for * * * charitable * * * purposes," that the income of this residuary estate was not exempt because it has not been "received," but remains in the hands of the trustee. But, apart from the fact that the corpus of the residuary estate has in fact already been "received" by the hospital in the shape of a mortgage, and the hospital itself is pro forma paying to its own trustee the money which, pro forma, constitutes the income here taxed, the construction thus urged and the effect given to the word "received" does not commend itself to our judgment. The sections in question in the acts of 1913 and 1916 are to be considered and construed jointly. They concern the same subject-matter, and that of 1916 was evidently meant to continue the broad and absolute purpose and provisions of the act of 1913 "that nothing in this section shall apply * * * to any corporation * * * operated exclusively for * * * charitable * * * purposes." Such being the case, the residuary estate which produced this income being the property solely of the hospital, no one but the hospital owning the income thereof, and the temporary holding of the income being by a trustee, who was the agent and representative solely of the hospital, it is clear that when substance and spirit, and not mere form and words, are the interpreters of the statute, the receipt of this income by the hospital's agent and representative was in truth and reality a receiving by the hospital, for he who acts by the hand of another himself acts. If this income was received from a third person by the trustee and after-

wards lost, surely the hospital could never have collected it again from such third person on the theory the hospital had never received it. Moreover, it will also appear that, if the trustee had, without protest, used the money of the hospital to pay this income tax, such trustee could not, on settlement of his trusteeship, have justified such payment under section 2 of the act of 1913, for that section only warrants such deduction and withholding where the income is the "income of another person subject to tax," and elsewhere, as we have seen, the same section provided "that nothing in this section shall apply * * * to any corporation * * * operated exclusively for * * * charitable * * * purposes."

From the above, it is clear to us, first, that the United States, the taxing power and real defendant in this case, speaking by its legislative branch in plain language enacted its purpose and will to exempt from taxation the income of "any corporation or association organized and operated exclusively for religious, charitable, scientific, or educational purposes, no part of the net income of which enures to the benefit of any private stockholder or individual"; second, that the action of the United States by its executive officer, in this case the collector of internal revenue, in assessing and collecting this income tax from the hospital, was not warranted by the taxing statutes; and, third, that it is the duty of the United States, acting by its third agency, the federal courts, to prevent its executive branch from illegally defeating its expressed will in the law enacted by its legislative branch.

It follows, therefore, that the judgment entered by the court below in favor of the hospital and against the collector should be and is affirmed.