KINGS COUNTY TRUST COMPANY, as Executor, etc., of WILLIAM F. ARMSTRONG, Deceased, Relator, *v.* WALTER W. LAW, JR., and Others, Constituting the STATE TAX COMMISSION, Respondents.

Third Department, May 3, 1922.

Taxation — income tax — income of estate representing interest on specific and residuary legacies not deductible under Tax Law, §365, subd. 2— income of estate for year succeeding death of testator is taxable though residuary legatee is charitable institution — Tax Law, § 359, subd. 2, par. g, construed and applied.

In determining the net income of an estate for income tax purposes where there are general legacies both to individuals and to charitable and educational institutions and a residuary legacy to an educational institution, no deduction can be made from the gross income under section 365, subdivision 2, of the Tax Law, which provides for deduction of " any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for " a charitable or educational institution, where by the terms of the will in question none of the gross income was paid to, or permanently set aside for a charitable or educational institution, and no part of the income was in fact paid to or permanently set aside for such an institution.

The income during the year allowed for administration or settlement passed into the estate and became a part thereof for distribution under the terms of the will, and after the payment of debts and administration expenses and the payment of legacies, passed into and became a part of the residuum of the estate, but during the taxable year the income of the estate, as such, did not become the property of any legatee, residuary or otherwise, and was not received by

any officer of a religious, charitable or educational institution, or set aside for any other purpose than that of settling the estate, and, therefore, it was not exempted from the " gross income " by force of section 359, subdivision 2, paragraph g, of the Tax Law exempting from taxation income received by any officer of an institution or trust for moral or mental improvement, etc.

CERTIORARI ORDER granted out of the Supreme Court at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 16th day of December, 1921, directed to Walter W. Law, Jr., and others, constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all their proceedings had in assessing an income tax against the estate of William F. Armstrong, deceased.

The relator, the Kings County Trust Company, as one of the executors of the last will and testament of William F. Armstrong, deceased, on the 15th day of April, 1921, filed with the New York State Income Tax Bureau a return of the income from the estate of William F. Armstrong from May 2, 1920, the date of his death, to and including December 31, 1920, showing the net income to be $68,784.41 and computing the income tax to be $1,463.64. With this return it filed a protest because the major portion of the estate passed by the terms of the will to corporations organized and operated exclusively for religious, charitable, scientific or educational purposes and no part of the net earnings inured to the benefit of any private stockholder or individual; the major portion of the income included in said return followed the gifts set forth and described in said notice; and, by imposing a tax upon the net income of the estate, there was being taxed income which is intended by subdivision G of section 359, chapter 627 of the Laws of 1919 (*sic*), to be exempt from taxation.

By the terms of the will legacies were given in the following aggregate amounts:

| | | |
|---|---:|---:|
| In trust to individuals | $480,000 | 00 |
| General legacies to individuals | 239,716 | 50 |
| General legacies to charitable and educational institutions | 375,000 | 00 |
| Total | $1,094,716 | 50 |
| The total assets of the estate were | $1,961,314 | 35 |
| Total deductions | 139,121 | 45 |
| Leaving a net estate of | $1,822,192 | 90 |

The residuary legatee is Wesleyan University and the amount of the residuum is $727,476.40. Although the record does not show it, we are informed by the briefs that, since January 1, 1921, an accounting has been had and the legacies paid over. After the hearing a resettlement of the computation as made in the return was denied and this appeal was taken.

*Brower, Brower & Brower* [*Ernest C. Brower* of counsel], for the relator.

*Charles D. Newton, Attorney-General* [*James S. Y. Ivins* and *Laurence Graves, Deputies Attorney-General,* of counsel], for the respondents.

VAN KIRK, J.:

It is claimed that the amount of tax returned and paid under protest is too large and that the Tax Commission should have recomputed the amount of the tax.

The relator consents that the income of the estate to the amount of $19,173.70 is subject to the tax for the following reason: the legacies in trust to individuals in the aggregate sum of $480,000 carry interest at six per cent from the death of the testator, which interest is $19,173.70; this income is subject to the tax and must be paid by the executors; the tax upon this amount is $263.47.

As to the balance of the income, the contention seems to be that, because the major portion of the other legacies is given to charitable and educational institutions and the major portion of the income follows these gifts, it is exempt from the income tax under paragraph g of subdivision 2 of section 359 of the Tax Law (as added by Laws of 1919, chap. 627); the general legacies do not draw interest until one year after the granting of letters testamentary and the income follows the bequest to the residuary legatee, Wesleyan University, an educational institution. Our discussion applies only to this " balance of the income."

The income tax is imposed by section 351 of the Tax Law (as added by Laws of 1919, chap. 627) upon the net income of the taxpayer for the taxable year. By section 365 of the Tax Law (added by Laws of 1919, chap. 627, as amd. by Laws of 1920, chap. 695) the tax so imposed applies to estates. This section, so far as material here, provides as follows:

" Estates and trusts. 1. The tax imposed by this article shall apply to estates and trusts, which tax shall be levied, collected and paid annually upon and with respect to the income of estates or of any kind of property held in trust, including:

" a. Income received by estates of deceased persons during the period of administration or settlement of the estate; * * *

" 2. The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts, whether such income be taxable to the estate or trust or to the beneficiaries thereof.   The net income of an estate or trust shall be computed in the same manner and on the same basis as provided in this article for individual taxpayers, except that there shall also be allowed as a deduction any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for  *  *  *  any corporation or association organized and operated exclusively for religious, charitable, scientific or educational purposes  *  *  *  no part of the net earnings of which inures to the benefit of any private stockholder or individual."

This exception, allowing a deduction, does not cover the income in dispute here, because it is not by the terms of the will during the taxable year paid to, or permanently set aside for, a charitable or educational institution;  none of the legacies draw interest until one year after the granting of letters testamentary, which had not expired on December 31, 1920;  and no part of the income was in fact paid to, or permanently set aside for, any legatee.

The " net income " is the gross income, less the deductions allowed.   (Tax Law, § 357, as added by Laws of 1919, chap. 627.) " Gross income " is defined in section 359 of the Tax Law (added by Laws of 1919, chap. 627, as amd. by Laws of 1920, chap. 695), which, so far as material here, provides: " The term ' gross income: '

" 1. Includes gains, profits and income derived  *  *  *  from interest, rent, dividends, securities,  *  *  *  or gains or profits and income derived from any source whatever, including gains or profits or income derived through estates or trusts by the beneficiaries thereof, whether as distributed or as distributable shares.   The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer  *  *  *;  but

" 2. Does not include the following items which shall be exempt from taxation under this article:  *  *  *

" g. Income received by any officer of a religious denomination or by any institution, or trust, for moral or mental improvement, religious, bible, tract, charitable, benevolent, fraternal, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more of such purposes, if such income be used exclusively for carrying out one or more of such purposes."

This exemption provided in paragraph g is the provision relied upon by the relator.

The income during the year allowed for settlement of an estate passes into the estate and becomes a part of the estate for distribution under the terms of the will, after the payment of debts and administration expenses (including in this case the payment of the transfer and inheritance taxes under paragraph 45 of the will); and, after the payment of the legacies, the remainder of the estate, including such part of the income as has not been disbursed, is the residuum of the estate. The income of this estate as such did not become, during the taxable year, the property of any legatee, but rather became a part of the body of the estate. No officer of a religious, charitable or educational institution had received it. No part of it was set aside for any other purpose than that of settling the estate. The will makes no provision for setting aside any part of this income for any particular purpose. On December 31, 1920, this income was still a part of the estate and was not yet devoted to a religious, charitable or educational purpose. The executors as such received the income and they did not as officers of such institution receive it, nor had they used it for such institution. This income, at the time the return was made, was a part of the net income of the estate, received " during the period of administration or settlement of the estate " and was subject to the tax. However much one appreciates the value to the State and the People of the State of such institutions and however much one may desire to encourage them and see them maintained in strength and efficiency, we are bound by the provisions of the statute which control here; and we must hold that the determination of the Tax Commission was in obedience to the statute.

The record contains neither the will nor the tax return. The brief of the relator sets forth a copy of the will and refers to real estate mentioned in schedules of the tax return. The copy of the will contains no devise of real estate, but gives power of sale to the executors and trustees. The attorney for the Tax Commission requests that, since there may be income from real estate, which would not be taxable, and a recomputation of the tax in that respect might be proper, the matter be remanded to the Tax Commission to take such proof as to this income if any. We have concluded to comply with this request.

The determination of the Tax Commission should, therefore, be confirmed in all respects except as to income from real estate which is not taxable if there be such, and the case is sent back to the Tax Commission to take proof in that respect only, and if there be such non-taxable income to so modify its computation.

All concur.

The determination of the Tax Commission upon this record is approved, but, at the request of the attorney for the Tax Commission, the case is remitted to the Tax Commission to take proof as to income from real estate and whether such income, if any, is taxable, and, if necessary, to recompute the tax in harmony with the opinion herein.