APPEAL OF HERBERT JERMAIN SLOCUM ET AL., EXECUTORS OF THE WILL OF MARGARET OLIVIA SAGE.

Docket No. 5882.    Promulgated February 3, 1927.

> Certain income received by the estate of the decedent during administration and settlement was, pursuant to the terms of the will, permanently set aside for charitable, religious, and educational purposes and was a proper deduction in the return filed by the estate.

*Robert Thorne, Esq.,* and *J. S. Y. Ivins, Esq.,* for the petitioners.
*E. C. Lake, Esq.,* for the Commissioner.

This appeal is from the determination of a deficiency in income tax against the estate of Margaret Olivia Sage for the calendar year 1921 in the amount of $309,111.47. During 1921 the executors received certain income not in dispute from certain personal property in their hands constituting the residuary estate of the decedent, which property, under the will, they were directed to distribute to certain charitable, religious, and educational corporations. The Commissioner held that this income was taxable to the estate. The executors excluded it from income claiming that it belonged to the residuary legatees, all of whom were exempt from taxation.

#### FINDINGS OF FACT.

Herbert Jermain Slocum et al. were during the year 1921 the duly qualified and acting executors of the will of Margaret Olivia Sage.

The decedent left an estate of approximately $50,000,000. By her will she bequeathed specific sums aggregating $1,285,000 for charitable purposes, $8,618,079.55 for purposes other than charitable, and the residue of approximately $40,000,000 to thirty-five corporations organized and operated exclusively for charitable, educational, and religious purposes, no part of the net earnings of which inured to the benefit of any private stockholder or individual.

The executors' account brought down to December 27, 1920, was settled by decree of the Surrogates' Court of New York County dated April 25, 1921, and amended May 26, 1921. This account showed that all debts and general expenses of administration and 90 per cent of all general legacies had been paid prior to the date thereof, December 27, 1920. The remaining 10 per cent of all general legacies, with interest due thereon, was paid in May and June, 1921, pursuant to decree of the Surrogates' Court. The entire balance of the estate remaining in the hands of the executors after the payment of the 10 per cent balance of general legacies and the entire net income for the year 1921, after payment of interest due on the general legacies, constituted the residuary estate passing under the will to the charitable, religious, and educational legatees.

The will of the decedent provides, so far as material here, as follows:

I give, devise and bequeath all the rest, residue and remainder of my estate, wheresoever and whatsoever, as follows:

I divide my said residuary estate into fifty-two equal parts, and I give such parts as follows:

\*        \*        \*        \*        \*        \*        \*

Should any of the religious, educational or charitable corporations named as residuary legatees in my will be incapable for any reason of taking the whole or any part of the legacies given to them, I give, devise and bequeath the amount which any such corporations would have taken if capable of taking, to the other corporations entitled to share in my residuary estate, in the same proportion which the legacy given to each corporation capable of taking bears to the entire amount of legacies given to all such corporations.

The books of the estate were kept upon the cash receipts and disbursements basis. No portion of the income of the estate for the year 1921 was paid to any of the residuary legatees during the year. After the payment of all specific and general legacies in May and June, 1921, as above stated, there was no legatee, heir, or other beneficiary, except the residuary legatee, who was entitled to share in the remainder of the estate or in the net income involved in this proceeding.

Early in 1922 the income received during the year 1921 on the residuary estate was credited upon the books to the various residuary legatees in proportion to their respective interests in the residuary estate under the will. The will created certain trusts and speci-

fied how the income from said trusts should be disposed of. That income is not involved in this proceeding. The will made no specific mention as to the income as such of the estate received prior to the distribution of all general and residuary legacies.

The income upon the residuary estate for the year 1921 was deducted by the executors in the income-tax return of the estate as nontaxable under the provisions of section 219 of the Revenue Act of 1921. The Commissioner denied the deduction, included the amount in net income of the estate, and determined the deficiency here in controversy.

### OPINION.

LITTLETON: We are dealing here with the question which concerns the propriety of a deduction from gross income by an entity admittedly subject to tax upon income received by it under certain circumstances. The facts are not in dispute. The parties differ only in their construction of certain provisions of section 219 of the Revenue Act of 1921.

The general purport and intent of section 219 as a whole and its relation to the development of the provisions of the various Revenue Acts from 1913 relating to the proper treatment of income of estates and trusts, has been discussed at length in oral arguments and by counsel for the executors in their brief, but we think it unnecessary to discuss the various phases of the situation as thus advanced as, in our opinion, under the facts as disclosed by the record, the basis for the decision of the question presented in this proceeding is to be found wholly within the provisions of section 219, subdivision (b) of the Revenue Act of 1921. We agree with the statement of counsel for the executors that it was the intent and purpose of the Congress in all of the Revenue Acts to favor and encourage charitable bequests, and that it was the intention of Congress in the enactment of the Revenue Act of 1921 to exempt from taxation any income of an estate which is, during the taxable year, permanently set apart conformable to the provisions of a will to be used exclusively for charitable, religious, or educational purposes. This intention is demonstrated by the language of section 219 (b), in which it is provided—

\* \* \* The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will \* \* \* is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214 \* \* \*.

The Commissioner takes the position that although the income here in question was derived from the residuary estate which, under the will, was to go to charitable, religious, or educational institutions, it was not a proper deduction because it was neither paid nor credited upon the books to them within the taxable year and points to the fact that the crediting entry upon the books was not made until early in 1922. Apparently, he would concede that the deduction was allowable if the income had been credited on the books to the various charitable, religious, and educational institutions during the year. He allowed as a deduction the income paid or credited to the general legatees during the year. We think that under the provisions of subdivision (b) of section 219 it was not necessary for the entry to be made upon the books crediting the income to these residuary legatees in order for it to be allowable as a deduction by the estate in computing its net income, if it can be said that such income was permanently set aside for the residuary legatees pursuant to the terms of the will.

The estate made a return of the net income received during the year 1921 as required. All of the general legacies had been paid before the end of the year and that portion of the income of the estate applicable to such general legacies was paid to the general legatees and was deducted in the return and allowed by the Commissioner. The remainder of the income received to the date of the payment of the general legacies with interest, applicable to the residuary estate, which residuary estate under the terms of the will the executors were specifically directed to distribute among the thirty-five religious, charitable, and educational institutions, and the income upon the residuary estate received during the remainder of the year which could not be paid, credited, or distributed to any legatee, heir, or other beneficiary other than the exempt residuary legatees, was claimed by the estate as a deduction under the provisions of subdivision (b) of section 219. This deduction was disallowed by the Commissioner and upon the amount thereof he computed the deficiency here in question. It was the duty of the executors, pursuant to the terms of the will, to pay to the residuary legatees or permanently set aside for them the income upon the residuary fund. This is what they did.

We think that Congress intended by subdivision (b) of section 219 that all or any portion of the gross income of an estate should be deductible when, conformable to and in pursuance of the provisions of the will, it was appropriated and dedicated finally and for all time to charitable and religious uses as specified in section 214 (a) (11), so that, thereafter, there would be no change which would destroy the character of such action. The executors were charged by the will with the duty of apportioning the residuary estate among

the charitable, religious, and educational institutions as specified in the will after the payment of all specific legacies, expense of administration, etc. Prior to the end of the year 1921 the executors had apportioned the fifty-two equal parts to the thirty-five residuary legatees as directed by the will. After the payment of the general legacies in May, 1921, there was little remaining to be done except to distribute the residuum among the residuary legatees. There were certain questions of the character of the instant proceeding relating to prior years still pending. We think it was the intent and purpose of Congress that income of an estate which, in following out the provision of a will, could be shown to be certainly destined for uses specified in paragraph (11) of subdivision (a) of section 214 should be allowed as a deduction in computing the net income of the estate, and in view of the facts in this proceeding it is the opinion of the Board that the income upon the residuary estate was, agreeably to the terms of the will, permanently set aside for charitable, religious, and educational purposes and was a proper deduction from gross income within the meaning of subdivision (b) of section 219 of the Revenue Act of 1921.

In his answer the Commissioner stated, as a proposition of law in support of his action in disallowing the deduction to the estate, that " Where a will of the testator makes a specific bequest to an exempt organization without designating that it shall be paid out of income, the payment by the estate of all of the bequest out of income does not permit the deduction of such payment in computing the taxable income of the estate," and argues that the income upon the residuary estate should not be allowed as a deduction because the moment it was received by the executors it became a part of the residuary fund to be distributed as a part of the estate and, since it was neither paid nor credited on the books to the residuary legatees, it did not belong to them and was not deductible until so paid or credited. The proposition of law does not seem to us to be applicable to the question involved, nor do we think that the Commissioner's argument is in accordance with the provisions of the statute. Subdivision (b) of section 219 does not make the deduction depend upon the crediting or payment but upon the permanent setting aside of the income for charitable, religious, or educational purposes. The will directed that the residuary estate " wheresoever and whatsoever " be distributed to the exempt institutions. When the executors received the income it became a part of the residuary estate and was permanently set aside for and belonged to the exempt institutions. It was, therefore, a proper deduction by the estate.

This case is in some respects similar to the case of *Stockton* v. *Lederer*, 262 Fed. 173; *Lederer* v. *Stockton*, 266 Fed. 676, and 260

U. S. 3. That case, however, involved 1917 and prior years and arose under the provisions of the Revenue Act of 1916, the provisions of which were somewhat different from the provisions of section 219 of the Revenue Act of 1921, and the controlling fact seemed to have been that the hospital had possession of the residuary fund and was receiving the income. The Supreme Court stated (260 U. S. 8):

> This residuary fund was vested in the Hospital. The death of the annuitant would completely end the trust. For this reason, the trustee was able safely to make the arrangement by which the Hospital has really received the benefit of the income subject to the annuity. As the Hospital is admitted to be a corporation, whose income when received is exempted from taxation under § 11 (a), we see no reason why the exemption should not be given effect under the circumstances. To allow the technical formality of the trust, which does not prevent the Hospital from really enjoying the income, would be to defeat the beneficent purpose of Congress.

The question involved in this proceeding was decided by the District Court for the Southern District of New York, *Slocum* v. *Bowers*, 15 Fed. (2d) 400, which held that the income upon the residuary estate was a proper deduction from gross income for the year 1919. We agree with the conclusions reached by the learned court in that case but upon a slightly different ground.

*Judgment will be entered on 15 days' notice, under Rule 50.*

MILLIKEN concurs in the result only.