BOWERS, Collector of Internal Revenue, v.
SLOCUM et al.

Circuit Court of Appeals, Second Circuit.
June 6, 1927.

No. 324.

1. Internal revenue ⟨☞⟩7(33)—Income earned
during administration held "permanently set
aside" by will itself for residuary charitable
legatees, and not subject to income tax (Rev-
enue Act 1918, § 219 [b], being Comp. St. §
6336⅛ii).

Where will gave residue of estate to 35
separate charitable, religious, and educational
corporations, and provided that, if any such
corporation be incapable of taking it the share
of such corporation should be divided among
the others in prescribed proportion, *held*, in-
come earned by estate during administration
and becoming part of residue of estate was by
the will itself "permanently set aside" for the
residuary legatees, within meaning of Revenue
Act 1918, § 219 (b), being Comp. St. §
6336⅛ii, and hence not subject to income tax.

2. Internal revenue ⟨☞⟩7(17)—Provision of
1918 Revenue Act authorizing deduction of
income permanently set aside, applies to es-
tates in process of settlement (Revenue Act
1918, § 219 [b], being Comp. St. § 6336⅛ii).

Revenue Act 1918, § 219 (b), being Comp.
St. § 6336⅛ii, authorizing deduction in calcu-
lating net income of any part of gross income
which, pursuant to the terms of the will or
deed creating the trust, is paid to or per-
manently set aside for the United States' or
others named, applies to estates in the process
of settlement, and not to trusts only.

In Error to the District Court of the
United States for the Southern District of
New York.

Action by Herbert Jermain Slocum,
Stephen L'Hommedieu Slocum, Robert W.
De Forest, and Henry W. De Forest, as sur-
viving executors of the last will and testa-
ment of Margaret Olivia Sage, deceased,
against Frank K. Bowers, Collector of In-
ternal Revenue for the Second District of
New York. Judgment for plaintiff (15 F.
[2d] 400), and defendant brings error. Af-
firmed.

Margaret Olivia Sage died November 4,
1918, a resident of the city, county, and state
of New York. She left a last will and testa-
ment and two codicils, which were duly ad-
mitted to probate by the Surrogate's Court
of New York County on or about Decem-
ber 6, 1918, and letters testamentary thereon
were duly issued out of said court to the de-
fendants in error and also to one Joseph
Jeremiah Slocum, since deceased, all of whom
qualified as executors and took upon them-
selves the administration of the decedent's es-
tate.

The decedent left a gross estate of $48,-
939,045.94, and her debts, so far as they had
been ascertained up to December 31, 1919,
amounting to slightly over $2,000,000, were
paid before the end of the calendar year
1919. In and by said will and codicils the
decedent, after making certain bequests and
devises and providing for certain trusts, left
her entire residuary estate to 35 separate
charitable, religious, and educational corpo-
rations, which organizations, as such, were
exempt from the payment of income taxes
under the provisions of the Revenue Act of
1918 (Comp. St. § 6336⅛a et seq.).

During the entire calendar year of 1919
decedent's estate was being administered by
the defendants in error as her executors, and
they have not yet completed the administra-
tion. During the year 1919 the defendants
in error, as such executors, in addition to
the amount of income payable by them on
general legacies and trust funds, and other
items which were allowed to them as deduc-
tions, received income amounting to $2,142,-
713.62.

Between March 13, 1920, and July 25,
1921, the defendants in error filed original
and amended tax returns for the estate, both
on individual form 1040 and fiduciary form
1041, and in all of these returns they re-
ported the income received by the estate dur-
ing the year 1919 as belonging to the charita-
ble, religious, and educational residuary leg-
atees, and no tax was due thereon. The de-
fendants in error kept their books on a cash
receipt and cash disbursement basis during
the year 1919, and the income aforesaid was
not credited to the residuary legatees on the
estate books during the year 1919, nor until
the year 1923.

The Chief of the Division of Audit of
Income Tax at first agreed with the view
taken by the defendants in error, but sub-
sequently, on March 9, 1925, a jeopardy
assessment was made against the defendants
in error, as such executors, in the principal
sum of $1,517,167.21. After notice and de-
mand for payment of the assessment, and
under threat of distraint and under duress,
the defendants in error paid the tax 10 days
later.

The Commissioner subsequently allowed,
to the extent of $108,598.53, for reasons
not important, a claim for refund filed by
the defendants in error, as required by law,
and rejected the claim as to the balance of
$1,408,568.68, for the recovery of which
amount with interest this suit was brought.

The sections of the Revenue Act of 1918,

which are directly involved in this case, namely, section 219 (a), (b), and (c), and section 231 (6), being Comp. St. §§ 6336⅛ii, 6336⅛o, are set forth in the margin.[1]

The plaintiff in error, defendant below, moved to dismiss the second amended complaint, upon the ground that the same did

[1] Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that there shall also be allowed as a deduction (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214), any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for the United States, any state, territory, or any political subdivision thereof, or the District of Columbia, or any corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; and in cases under paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

Sec. 231. That the following organizations shall be exempt from taxation under this title—
* * *

(6) Corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual.

not constitute a cause of action, which motion was denied, and the plaintiff in error, defendant below, was given leave to answer in 20 days, and upon failure to answer defendants in error, plaintiffs below, were to have judgment against the plaintiff in error, defendant below, for a specified amount.

The plaintiff in error, defendant below, having failed to answer, judgment was rendered in accordance with the order denying the motion to dismiss.

Charles H. Tuttle, U. S. Atty., of New York City (Thomas J. Crawford and Edward Feldman, Asst. U. S. Attys., both of New York City, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for plaintiff in error.

De Forest Bros., of New York City (Robert Thorne, of New York City, of counsel), for defendants in error.

Before L. HAND and SWAN, Circuit Judges, and CAMPBELL, District Judge.

CAMPBELL, District Judge (having stated the facts as above). [1] The determination of the question raised in the case at bar depends upon the construction of the provisions of section 219 (a) (b) (c), and section 231(6), of the Revenue Act of 1918.

The provision of section 219 (a) (1), of the Revenue Act of 1918, applied to all of the income received by the estate during the period of administration or settlement of the estate, and by subdivision (b) the duty was imposed on the executors to make a return of the income of the estate. By that act the estate became a taxpayer as distinguished from the legatees or beneficiaries, and cannot escape from taxation under that act by implication, but only by taking the deductions provided for under the provisions of subdivisions (b) or (c) of section 219, if the same are allowable.

Relief from the provisions of section 219 cannot be found in section 231 (6), generally exempting corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes; but that section may properly be considered in determining the intent of Congress, as expressed in section 219, if the language of that section may fairly be susceptible of two interpretations, one of which would relieve the estate from taxation on the income received, which passes to the residuary legatees, which are corporations of the character described, and the other would not.

We are thus brought to a consideration of

the deductions provided for under section 219 (b) and (c). Subdivision (c), it would appear, deals with income properly paid or credited to any legatee, heir, or other beneficiary, such as income paid in the exercise of the discretion of the fiduciary in acknowledging the legatee of a pecuniary or specific legacy, as distinguished from any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for corporations of the character of the residuary legatees in question. The deductions included in subdivision (b) apply only to such corporations.

There is therefore no overlap of the two subdivisions, and our consideration will be only of subdivision (b), wherein it is provided that there shall be allowed as a deduction, in lieu of certain specified deductions, "any part of the gross income which pursuant to the terms of the will or deed creating the trust is during the taxable year paid to or permanently set aside for, * * * or any corporation organized and operated exclusively for religious, charitable, scientific or educational purposes. * * * "

The purpose of the Congress to encourage bequests to corporations of the character of the residuary legatees is made plain by the deductions provided for by section 219, and the purpose of the act of 1918 was to insure the taxation of incomes which would eventually go to taxable persons in a more accurate and enforceable manner than was possible under prior laws, but not to tax incomes which would go to corporations of the character of the residuary legatees.

No part of the income of this estate was paid to any of the residuary legatees during the year 1919. No entry was made on the books of the executors, crediting the residuary legatees with the income, but in the return made by the executors, in March, 1920, and in the amended returns of the income received during the year 1919, such income was returned as passing to the said corporation, and as subject to no tax.

Section 219 (b) does not make the deduction depend upon the action of the executors in crediting the income upon their books, but upon the permanent setting aside of the income by the will itself for corporations of the character in question. The question, therefore, resolves itself into this: Was the income received by the estate during the year 1919 permanently set aside for the residuary legatees by the will itself?

[2] There is no force in the argument that the clause does not apply to estates in process of settlement, but only to trusts, in view of its language, "pursuant to the will or deed creating the trust." The will of the decedent provides, so far as material here, as follows:

"I give, devise and bequeath all the rest, residue and remainder of my estate, wheresoever and whatsoever, as follows:

"I divide my said residuary estate into fifty-two equal parts, and I give such parts as follows: * * *

"Should any of the religious, educational or charitable corporations named as residuary legatees in my will be incapable for any reason of taking the whole or any part of the legacies given to them, I give, devise and bequeath the amount which any such corporations would have taken, if capable of taking, to the other corporations entitled to share in my residuary estate, in the same proportion which the legacy given to each corporation capable of taking bears to the entire amount of legacies given to all such corporations."

The intention of the testatrix plainly appears from her will that all of her residuary estate shall go to corporations of the character described in section 219 (b), and the residuary estate includes the income in question. This appears from the care she exercised to prevent intestacy as to any part of the residuary estate.

The government, as I understand it, argues that the income in question might have been allowed as a deduction, if it had been paid by the executors or credited on their books. This would make the imposition of the tax depend upon some act of the executors, which had no result in law upon the rights of the parties, and is not in accordance with what we have found to be the expressed intent of the Congress, which was to tax the income received by the estate which would pass to any person subject to taxation, but relieve from taxation the income set aside by the terms of the will for corporations of the character described.

Much stress is laid by the government upon the contention that the personal property of a decedent passes to her personal representatives; but, whatever may be said on that subject, it does not alter the fact that the income in question, in the case at bar, reaches the beneficiaries of the bounty of the testatrix through the executors, and, if that income should be lost or reduced in amount, the loss occasioned thereby would be that of the residuary legatees, and therefore the income which the government is proposing to tax is the income of the residuary legatees. Stock-

ton v. Lederer (D. C.) 262 F. 173; Lederer v. Stockton (C. C. A.) 266 F. 676; Id., 260 U. S. 3, 43 S. Ct. 5, 67 L. Ed. 99.

We do not agree with the reasoning in the opinion in, nor accept as an authority which we should follow, Kings County Trust Co. v. Law, 201 App. Div. 181, 194 N. Y. S. 370, affirmed without opinion 234 N. Y. 610, 138 N. E. 466, in which a state statute was passed upon by a state court.

In the case at bar the testatrix took the most effective method of setting aside the income in question for the residuary legatees, because by the will itself she set aside for them everything that was left, and thus we find that the income, when received by the executors, was by the will permanently set aside for the residuary legatees, the corporations in question, and that the income in question for the year 1919 was deductible under the provisions of section 219 (b).

The judgment is affirmed.