In the Matter of the Estate of FRANCES B. LE FEVRE, Deceased,

HUBERT C. MINARD et al., as Executors, Appellants; STATE TAX COMMISSION, Respondent.

Will — transfer tax — bequest to corporation to be formed to take care of needy children exempt from tax — taxes on personal property consisting of bonds unpaid during life of testatrix must be paid by her estate.

1. The transfer of property by will to a corporation to be formed to take care of needy children is within the exemption of section 221 of the Tax Law (Cons. Laws, ch. 60) and should not be taxed. It is an unreasonable construction to give that act to confine it simply to a transfer to a charitable corporation in existence.

2. Appraisers found and reported to the surrogate that the deceased, who bequeathed property to a corporation to be formed, had paid no personal property tax on a large amount of bonds. The order of the surrogate thereupon taxed this amount, less a certain deduction, pursuant to section 221-b. The Home for Needy Children does not take this devise or bequest free from its proportionate part of this tax. The testatrix did not pay her personal property tax upon these bonds in her lifetime and in consequence her estate is called upon to pay the amount fixed by the above section at her death. The estate which the testatrix left, and which passes under her will to her devisees and legatees, including this charitable corporation, consists of that portion which remains after the payment of this tax and all debts and expenses. (*Matter of Graves*, 171 N. Y. 40, cited.)

*Matter of Le Fevre*, 199 App. Div. 908, reversed.

(Argued February 28, 1922; decided March 7, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 19, 1921, which unanimously affirmed an order of the Erie County Surrogate's Court assessing a transfer tax upon the estate of Frances B. Le Fevre, deceased.

*Hubert S. Minard* for appellants. The bequest in Mrs. Le Fevre's will to the Children's Home, a charitable corporation which the will directs to be incorporated, is not subject to the transfer tax. (*Matter of Graves*, 171 N. Y. 40.) The portion of the investments bequeathed to the Children's Home is exempt from the additional tax of five per cent. (*People ex rel. Andrews* v. *Cameron*, 140 App. Div. 76; 200 N. Y. 584; *Matter of Watson*, 226 N. Y. 384; *Matter of Zimmerman*, 110 Misc. Rep. 295; *Matter of Kolb*, 114 Misc. Rep. 361; *Matter of Washbourne*, 180 N. Y. Supp. 507; 190 App. Div. 940; 229 N. Y. 518.)

*William H. Watson* and *Samuel B. Botsford* for respondent. The remainder bequeathed to the Children's Home, to be incorporated at some future date, is taxable until such corporation, exempt from taxation under the Transfer Tax Law, is formed. (*Matter of Rockefeller*, 177 App. Div. 786; *Matter of Cash's Estate*, 187 N. Y. 246.) No

deduction should be made in the additional tax of five per cent on account of the bequest to the Children's Home (to be incorporated). (*Matter of Watson*, 226 N. Y. 384; *Matter of Kean*, 108 Misc. Rep. 538.)

CRANE, J. By her last will and testament, Frances B. Le Fevre of the city of Buffalo after giving a number of specified legacies, devised and bequeathed the residue and remainder of her estate to her executors and trustees in trust for the support and maintenance of her brother and daughter. By the tenth clause of her will, she disposed of her estate, after the death of these living beneficiaries, as follows:

" *Tenth.* After the decease of both my said brother and my said daughter, I direct my said trustees to cause to be incorporated under the Laws of the State of New York, a corporation for the care of needy children. And I authorize, empower and direct my said trustees to convey to said corporation the farm owned by me in the county of Cattaraugus, known as the Barse farm, consisting of about seven hundred (700) acres, near the city of Olean, New York. And I authorize and direct my said trustees to cause the grounds to be suitably laid out and to cause to be erected upon said farm suitable buildings, for the carrying on of the objects of the corporation, and to cause the same to be properly furnished and equipped, at a cost not to exceed seventy-five thousand dollars ($75,000). And I direct that the discretion of my trustees in these matters shall be final and not subject to review. And I further authorize and direct my said trustees to pay and transfer to said corporation one-third of the residue of my property and estate, to be held by said corporation in trust to invest and reinvest the same, and to receive the rents, issues and profits thereof, and apply the net income therefrom to the carrying on of the objects of said corporation."

In the order fixing the transfer tax upon the various

gifts and legacies, this devise and bequest to the children's home to be incorporated was valued at $104,711.42, and taxed in the sum of $6,079.80.

The appellants claim that the transfer to a corporation to be formed to take care of needy children, directed by the above paragraph, is within the exemption of section 221 of the Tax Law (Cons. Laws, chap. 60), and should not have been taxed. We held in *Matter of Graves* (171 N. Y. 40) that a similar gift to a charitable corporation to be formed entitled the corporation to the exemption under the then Tax Law (Laws of 1896, chapter 908, section 4, subd. 7). The will in that case read: " I give, bequeath and devise all the rest and residue of my property of every kind, personal or real, wherever situate, to my trustees hereinafter named, for the purpose of founding, erecting and maintaining the Graves Home for the Aged, to be located in the city of Syracuse in the state of New York." Section 4, subdivision 7, of the law referred to, provided that there should be exempted from taxation the real property of a corporation or association organized exclusively for charitable purposes. It was there claimed on behalf of the comptroller of the state that as a corporation was not in existence to act as beneficiary and as the trust was in the hands of the trustees and not of the Supreme Court, the taxing of the residuary estate should be sustained, and the exempting statute held not to apply. This court said: " We are of opinion that in view of our previous construction of the law of 1893, to the effect that the doctrine of charitable uses is now established, it is proper to consider this residuary estate as if it were in the possession of a corporation already formed under the testator's will, or as in the control of the Supreme Court, for the purpose of carrying out the testator's charitable scheme, although at present actually in the hands of the individual trustees. It would be a narrow and unreasonable construction of the act of 1893 which would permit the imposition of general taxes and the

transfer tax upon the residuary estate of this testator wholly devoted to the purposes of charity." (p. 46.)

The state tax commission makes the same claim here regarding the exemption under section 221 of the Tax Law. The only exemption which is applicable is now to be found in that section, as the law under which the *Graves* case was decided is no longer applicable to the transfer tax. (See Tax Law, § 244.)

Section 221 provides: " Any property devised or bequeathed * * * to a charitable corporation, wherever incorporated * * * shall be exempted from and not subject to the provisions of this article." " This article " means article 10, applying to taxable transfers. As we said in the *Graves* case, so we repeat here, it is an unreasonable construction to give this act, to confine it simply to a transfer to a charitable corporation in existence. The exemption likewise applies to a transfer of real or personal property made to a charitable corporation to be created for the purpose of receiving it under the will of a testator.

The executors and trustees in this case have no discretion and may be compelled at the death of the testatrix's brother and daughter to incorporate the Home for Needy Children or else the trust may be executed by the Supreme Court in accordance with the directions. The reason for the exemption in the *Graves* case is equally applicable here. We can see no forceful distinction.

While we hold with the appellants that the transfer to the Home for Needy Children is exempt from the transfer tax, we cannot agree with their contention that it is also subject to the exemption contained in section 221-b of the Tax Law. The appraisers found and so reported to the surrogate that the deceased had paid no personal property tax on bonds amounting to $202,911.79. The order of the surrogate thereupon taxed this amount, less a certain deduction, at $1,976.71, pursuant to section 221-b. The Home for Needy Children does not take

this devise or bequest free from its proportionate part of this tax. The testatrix did not pay her personal property tax upon these bonds in her lifetime and in consequence her estate is called upon to pay the amount fixed by the above section at her death.

The estate which the testatrix left, and which passes under her will to her devisees and legatees including this charitable corporation, consists of that portion which remains after the payment of this tax and all debts and expenses. (*Matter of Watson,* 226 N. Y. 384.)

For reasons here stated, the order appealed from must be reversed and the matter remitted to the Surrogate's Court for readjustment of the tax according to the rulings made herein, with costs to appellant in all courts.

Hiscock, Ch. J., Hogan, Pound, McLaughlin and Andrews, JJ., concur; Cardozo, J., absent.

Order reversed, etc.