LEDERER, COLLECTOR OF INTERNAL REVENUE FOR THE FIRST DISTRICT OF PENNSYLVANIA, *v.* STOCKTON, SOLE SURVIVING TRUSTEE OF DERBYSHIRE, DECEASED.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 16. Argued October 5, 1922.—Decided October 16, 1922.

The Income Tax Law of 1916, §§ 2 (b) and 11 (a), taxes income from trust estates, but exempts income received by any corporation organized and operated exclusively for charitable purposes no part of the net income of which inures to the benefit of any private stockholder or individual. Where a fund was held by a testamentary trustee to pay an annuity and, upon the annuitant's death to transfer the fund and accumulated interest to a hospital corporation, and the trustee lent the money to the hospital upon mortgage security receiving back only interest sufficient to satisfy his administrative charges and the annuity, *held*, that the remaining income, retained by the hospital, was not taxable. P. 8.

266 Fed. 676, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a judgment recovered by the respondent Stockton, in an action to recover back money paid by him as income taxes.

*Mr. Assistant Attorney General Ottinger,* with whom *Mr. Solicitor General Beck* and *Mr. Charles H. Weston,* Special Assistant to the Attorney General. were on the brief, for petitioner.

The provision in § 11 (a) of the Act of September 8, 1916, exempting from tax " income received " by a charity, does not apply to trust income which the trustee is required to add to the principal of a fund which is to go ultimately to a charity.

The trust, as interpreted by the highest court of Pennsylvania, is an active one which can not be terminated, even with the consent of all the parties in interest. The Pennsylvania Hospital does not have legal title to the trust income or any right to its immediate possession, nor any control over its administration or management. The income of the trust is therefore not "received" by the Hospital, whether this word as used in § 11 (a) is interpreted as covering income to which a charity obtains legal title, or income to which it obtains the right of immediate possession, or income as to which it enjoys some right of control or management.

The fact that the trustee lends the balance of the trust income, after payment of the annuity, to the Hospital under a blanket mortgage and bond given by the Hospital, the Hospital paying interest on advances thus made, does not alter the situation. The moneys thus received by the Hospital are received by it, not as income, but as money borrowed, for which it is legally indebted to the trustee and which it may be required to repay to him. Certainly, the trustee and the Hospital can not enter into any voluntary arrangement which will exempt from tax income otherwise taxable.

The fact that § 11 (a) is included in a part of the law dealing exclusively with the tax on corporations and that it immediately follows § 10, which levies the tax on corporations, indicates that the exemption accorded by § 11

(a) was intended to apply solely to the taxes imposed by § 10. If this view be correct, § 11 (a) has no appli-cation to taxes imposed, as in the present case, under § 2 (b) in a part of the law dealing with the tax on individuals. But, even if this construction be not accepted, the tax exemption given in § 11 (a) with reference to "income received" can scarcely be broader in meaning or have any different scope than the tax imposed upon "income received" in § 10. *Maryland Casualty Co.* v. *United States,* 251 U. S. 342, 346.

This decision as to what constitutes income "received" by a corporation is fully applicable to the Income Tax Act of 1916, which even more explicitly than the Income Tax Act of 1913 taxes the income "received" by a corporation within the taxable year. Since, therefore, the mere possibility, probability or certainty of future payments is not "income received" upon which an income tax is imposed, the exemption from tax of "income received" by a charitable corporation can not extend to income received by a third person as to which there is a possibility, probability, or even certainty that it will be paid to a charitable corporation at some future date.

The fact that the Act of 1916 did not make any exemption in favor of income accumulated in a trust fund to go ultimately to a charity is entirely consistent with the basis upon which Congress in that act provided for the taxation of trust income. Congress there clearly expressed its intention of taxing the income of trust estates without regard for the character or interest of the ultimate beneficiaries of the estate. The tax was upon the income of the estate as such.

The provisions of § 219 (b) of the Income Tax Act of 1918, which authorized income permanently set aside for a charity to be deducted in computing the income of trust estates, raise no inference that Congress intended to permit a like deduction to be made in computing the income of trust estates under the Act of 1916.

The policy pursued in the Act of 1916 of not taxing the income received by a charity, but taxing income which, while not received by a charity, might be received by it at some future time, accords with the taxation policy generally followed by state legislatures. 37 Cyc. 928, n. 6; *Boston Society* v. *Boston,* 129 Mass. 178; *Presbyterian Board* v. *Fisher,* 68 N. J. L. 143.

Where the tax law covers a certain kind of income or property, a general intention on the part of Congress to exempt it from tax will not, apart from express words giving effect to this intention, free it from the tax burden. *Cornell* v. *Coyne,* 192 U. S. 418, 431; *Swan & Finch Co.* v. *United States,* 190 U. S. 143, 146.

*Mr. Maurice Bower Saul,* with whom *Mr. Joseph A. Lamorelle* was on the brief, for respondent.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The question in this case is whether the Income Tax Law of September 8, 1916, c. 463, 39 Stat. 756, as amended by the Act of October 3, 1917, c. 63, 40 Stat. 300, requires the Contributors to the Pennsylvania Hospital, a corporation of Pennsylvania, created for charitable uses and purposes, no part of whose net income is for the benefit of any private stockholder or individual, to pay a tax on the income of a residuary estate devised to it by the will of Alexander J. Derbyshire in 1879 and inuring to its benefit under the following circumstances. The devise was subject to the payment of certain annuities. All of the annuitants are dead save one. The Supreme Court of that State decided that the income could not be paid outright to the Hospital until the death of all the annuitants and until then, must remain in control of the trustee appointed under the will. *Derbyshire's Estate,* 239 Pa. St. 389. The trustee transferred the whole resid-

uary fund as a loan for fifteen years to the Hospital, and secured himself by mortgage on property of the Hospital. Under the terms of the loan and mortgage, the Hospital only pays interest enough to satisfy the administrative charges and the annuity. It uses the remainder of the income from the fund for its expenses. It is thus actually receiving the full benefit of the income of $15,000 from the residuary fund, reduced only by the annuity of $800.

Section 2 (b) of the Income Tax Law of 1916, *supra,* is as follows:

" Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: *Provided,* That where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed."

Section 11 (a) of the same act provides:

" That there shall not be taxed under this title any income received by any . . . corporation or association organized and operated exclusively for religious, charitable, scientific, or educational purposes, no part of the net income of which inures to the benefit of any private stockholder or individual."

Upon these facts, Lederer, the internal revenue collector, assessed Stockton, the trustee, on the income from

the residuary estate for the years 1916 and 1917, under § 2 (b), and collected the same. The trustee brought suit in the United States District Court against the collector to recover the sums so paid as illegally collected. The District Court gave judgment for the trustee and this was affirmed by the Circuit Court of Appeals for the Third Circuit. 266 Fed. 676.

This residuary fund was vested in the Hospital. The death of the annuitant would completely end the trust. For this reason, the trustee was able safely to make the arrangement by which the Hospital has really received the benefit of the income subject to the annuity. As the Hospital is admitted to be a corporation, whose income when received is exempted from taxation under § 11 (a), we see no reason why the exemption should not be given effect under the circumstances. To allow the technical formality of the trust, which does not prevent the Hospital from really enjoying the income, would be to defeat the beneficent purpose of Congress.

The judgment of the Circuit Court of Appeals is

*Affirmed.*