In the Matter of the Petition of Maurice B. Atkinson to Render and Settle His Accounts as Administrator of Elbridge C. Atkinson, Deceased.— Decree of the Surrogate's Court of Kings county affirmed, with costs to the respondent, payable out of the estate. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

In the Matter of the Appraisal under the Acts in Relation to the Taxable Transfer of Property of the Property of William D. Burnham, Deceased. Joseph D. Tomlinson and Others, Executors, etc., of William D. Burnham, Deceased, Appellants, v. State Tax Commission, Respondent.— We are constrained to follow the decision of the Court of Appeals in *Matter of Le Fevre* (233 N. Y. 138). Order of the Surrogate's Court of Westchester county affirmed, without costs. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

In the Matter of Minnie Grau, an Alleged Incompetent Person. (Appeal No. 1.) — Order directing physical examination of alleged incompetent reversed upon the law and the facts, and motion denied, without costs. We think in the interests of justice the inquiry as to the respondent's sanity should be decided after trial of the question before the justice presiding, and a jury, at the regular Trial Term in Suffolk county, beginning February 5, 1923. In the event that the alleged incompetent is not produced at the trial, the court may then direct that she be examined by a disinterested physician or physicians to ascertain whether she is physically capable of attending. In the event of determination that she is not physically able to attend, then such physician or physicians may examine her as to her mental condition, and testify to the result of such examination upon the trial. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

In the Matter of Minnie Grau, an Alleged Incompetent Person. (Appeal No. 2.) — Order modified so as to direct that the question of fact as to the competency of the respondent, Minnie Grau, shall be tried by a jury at a Trial Term of the court appointed to be held in Suffolk county commencing on the 5th day of February, 1923. As so modified the order is affirmed, without costs. On the entire proceedings we think the interests of all parties concerned will be best served by a trial of the question before the court and a jury at the regular Trial Term. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur. Settle order on notice containing questions to be submitted to the jury.

In the Matter of the Discovery of the Assets of the Estate of Henry Hyams, Late of the County of Kings, Deceased. Kings County Trust Company, as Executor, etc., Appellant; Sophie Hyams, Respondent.— Decree of the Surrogate's Court of Kings county as to the two Westinghouse bonds affirmed. We are of opinion that the treasury notes now held by the respondent were purchased with the proceeds of the securities withdrawn by respondent from the testator's custody account November 21, 1921, and that the learned surrogate erred in declining jurisdiction. He should have tried and determined the question as to whether the respondent had established a valid gift *inter vivos* of the securities in question. As to this issue the proceeding is remitted to the Surrogate's Court of Kings county to hear, try and determine the question as to whether there was a valid gift of the securities, without costs of this appeal to either party. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.