**SLOCUM et al. v. BOWERS, Collector of Internal Revenue.**

(District Court, S. D. New York. September 14, 1926.)

**1. Internal revenue ⊜⇒7(33)—Statute should be construed to carry out policy of exempting religious, charitable, scientific, or educational corporations from income tax (Revenue Act of 1918).**

Revenue Act of 1918 (40 Stat. 1057) should be construed to carry out policy of exempting religious, charitable, scientific, or educational corporations from income tax, and not to make result turn on accidental circumstances or legal technicalities.

**2. Internal revenue ⊜⇒7(8).**

Income belonging to residuary legatees is subject to income tax, unless exempted by statute, whether all of it was derived from capital passing to them or not.

**3. Internal revenue ⊜⇒25.**

Tax return of estate income may be made either by beneficiary or executor.

**4. Internal revenue ⊜⇒7(33)—Income ultimately passing to religious, charitable, scientific, or educational corporations held not subject to income tax in hands of executor of decedent's estate (Revenue Act 1916, §§ 2 [b], 11 [a], being Comp. St. §§ 6336b, 6336k, Revenue Act 1918, §§ 219, 231 [6], [12], being Comp. St. §§ 6336⅛ii, 6336⅛o).**

Income of estate of deceased, which would ultimately pass to religious, charitable, scientific, or educational corporations, which were

residuary legatees, *held* not subject to income tax, in view of Revenue Act 1918, § 231 (6), being Comp. St. § 6336⅛o, not being taxable under section 219 (Comp. St. § 6336⅛ii) because of failure to distribute or neglect to enter credit during tax year, in view of section 231 (12), and Revenue Act, § 2 (b), 11 (a), being Comp. St. §§ 6336b, 6336k.

At Law. Action by Herbert Jermain Slocum and others, as surviving executors of the last will and testament of Margaret Olivia Sage, deceased, against Frank K. Bowers, Collector of Internal Revenue for the Second District of New York. On motion to dismiss complaint. Motion denied.

De Forest Bros., of New York City (Robert Thorne, of New York City, of counsel), for plaintiffs.

Emory R. Buckner, U. S. Atty., of New York City (Thomas J. Crawford, Asst. U. S. Atty., of New York City, and T. H. Lewis, Jr., Sp. Asst., Internal Revenue, of Washington, D. C., of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. This is a motion to dismiss the complaint. The action is brought against the collector of internal revenue to recover income taxes upon the estate of Margaret Olivia Sage, deceased, for the year 1919 alleged to have been illegally exacted. These taxes amounted to $1,408,568.68 and were based upon income ultimately passing to various religious, charitable, scientific, and educational corporations which were residuary legatees under the will of Mrs. Sage. The income was derived from personal property. There has already been a refund of an income tax of $15,200.75, which was based on rentals derived from real estate. This latter sum the department finally admitted could not be assessed against the above corporations, which on the death of Mrs. Sage succeeded to the title to the real estate as residuary devisees. It is thus apparent at the outset that the position of the government is based upon the rule that a legacy of personal property does not pass the legal title to the legatee, whereas a devisee takes title directly under the will. Nevertheless the beneficial interest in each kind of property belonged to religious, charitable, scientific, or educational corporations generally exempt from income taxes. It is interesting to note that the department first took the position now maintained by the executors of the Sage estate and approved returns filed by the executors under which they claimed that the net residuary income of the estate was payable to and had been set aside for the residuary legatees which were corporations organized and op-

15 F.(2d)—26

erated exclusively for religious, charitable, scientific, or educational purposes and exempt from income taxes. In a letter of July 28, 1921, the department referred to the amended returns by the executors and said:

"An audit of the several returns discloses that those filed on January 25, 1921, are correctly made. Since it appears that the residuary legatees are tax exempt corporations and that the amounts actually paid to the general legatees have been included in their returns, there is no further tax due from the executors for that year."

The government changed its ruling and assessed a tax for 1919 on the income passing to the residuary legatees because of a reaudit made at the request of the executors in July, 1921, in order that they might be in position safely to distribute the income to the residuary legatees.

The claim that such income is taxable is based on section 219 of the Revenue Act of 1918 (Comp. St. § 6336⅛ii), which reads as follows:

"Estates and Trusts.

"Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

"(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

"(3) Income held for future distribution under the terms of the will or trust; and

"(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

"(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that there shall also be allowed as a deduction (in lieu of the deduction authorized by paragraph [11] of subdivision [a] of section 214) any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for the United States, any state, territory, or any political subdivision thereof, or the District of Columbia, or any corporation organized and operated exclusively for religious, charitable, scientific,

or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; and in cases under paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made.

"(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

"(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary's net income is computed. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust."

The general provisions of the Revenue Act of 1918 exempting charitable corporations from taxation so far as applicable to this case are as follows:

"Sec. 231. * * * The following organizations shall be exempt from taxation under this title—

*     *     *     *     *

"(6) Corporations organized and operated exclusively for religious, charitable, scien-

tific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual." Comp. St. § 6336⅛o.

Under the original Revenue Act of 1913 (38 Stat. 177) there was no provision for a tax of estates and trusts and the only provision was for the taxing of individuals and for the withholding at the source of income received by agents and fiduciaries. Accordingly income accumulated for unborn or unascertained persons could not be reached in the hands of fiduciaries. Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 42 S. Ct. 223, 66 L. Ed. 391. The Revenue Act of 1916, as amended by the act of 1917, aimed at reaching these hitherto untaxed incomes by the following provision:

"Sec. 2. (b) *Income of Estates.* * * * Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except where the income is return for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: Provided, that where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed. * * *" Comp. St. § 6336b.

Revenue Act 1916, § 11 (Comp. St. § 6336k [a]), contained a general exemption from income taxes in favor of corporations organized for religious, charitable, scientific, or educational purposes, similar to that of the act of 1918. Both of these acts contained in substance the further exemption from income taxes, which I quote from section 231 (12) of the act of 1918:

"Corporation or association organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title."

The act of 1918 not only continued the former exemptions and added the additional exemption up to 15 per cent. of the income

of any individual given by him to charity, but it also exempted from the federal estate tax every bequest and devise to charity and made this exemption retroactive to January 1, 1918. It is quite clear that the primary purpose of the amendments taxing estates and trusts as entities was to reach income that had not theretofore been presently taxable at all. A design to tax income where the beneficial ownership is in corporations generally exempt under the law accordingly seems contrary to the history and spirit of the statute.

The act of 1918 (section 219) clearly covers the situation in the case of a trust where income is to be distributed periodically to the beneficiary and provides for payment by a taxable beneficiary of the tax on such income "whether distributed or not." The government relies on the language of section 219, supra, taxing generally: "(a) (1) Income received by estates of deceased persons during the period of administration or settlement of the estate"—and bases its claim on a literal reading of the statute which does not in terms exempt estates passing to charitable corporations from income taxes and the testamentary rule of law that the legal title to the income in question was in the executors and the beneficiaries had only the right to require an accounting.

[1] In view of the wide general exemption of charitable corporations under section 231 (6), supra, of the act of 1918, the careful provision to exempt a corporation holding title to property the income of which is to be turned over to exempt corporations, the 15 per cent. exemption in the case of distributions of income to charity inter vivos by private individuals, and the permitted deduction by a fiduciary in his return of any part of the gross income of an estate which is paid or permanently set aside for religious, charitable, scientific, or educational corporations, it is hard to believe that in the one case of administration of an estate the exemption should turn on the technical question of whether the corporations seeking it have the legal or equitable title to the income. The policy of exempting these corporations is firmly established and has been continuously expanding ever since the system of income taxation was adopted. The statute should be read, if possible, in such a way as to carry out this policy and not to make the result turn on accidental circumstances or legal technicalities. There is no doubt that the executors held the legal title, but it does not necessarily follow because they can sell assets, pay debts and distribute, that the portion of the property which they hold, though ultimately distribut-

able to tax exempt persons, is taxable in their hands. The New York Court of Appeals held that where a statute provided that "if a person holds taxable property as * * * executor * * * he shall be assessed therefor as such," an executor was not subject to a personal tax on property ultimately passing to a corporation exempt by statute from taxation. People ex rel. Crook v. Wells, 179 N. Y. 257, 71 N. E. 1126.

The Circuit Court of Appeals of the Third Circuit, in the case of Lederer, Collector, v. Stockton, 266 F. 676, held (by a court consisting of Buffington, Woolley, and Haight, Circuit Judges) that surplus income accumulated in the hands of a trustee, which on the death of an annuitant would immediately pass to tax exempt charities, was not taxable under the Revenue Act of 1916. Section 2 (b) (1) of the act of 1916 differs in no substantial respect from section 219 (a) (1) of the act of 1918. Judge Buffington said:

"* * * The temporary holding of the income being by a trustee, who was the agent and representative solely of the hospital, it is clear that when substance and spirit, and not mere form and words, are the interpreters of the statute, the receipt of this income by the hospital's agent and representative was in truth and reality a receiving by the hospital, for he who acts by the hand of another himself acts."

It is true that the trustee in the Stockton Case, supra, made a loan of the corpus of the trust to the tax exempt remainderman in order to avoid a decision of the Pennsylvania Supreme Court holding that the income could not be paid out until the death of all the annuitants, so that the charitable corporation actually *received* the income. The Supreme Court placed its decision on the ground that the charitable corporation had actually *received* the income, while the Circuit Court of Appeals also relied on the further ground that the remainderman, though acting for the trustee in collecting the income, was the beneficial owner of the income. But the Supreme Court in no way disapproved of the additional ground adopted by the Court of Appeals and Chief Justice Taft, who wrote the opinion, reported in 260 U. S. 3, 43 S. Ct. 5, 67 L. Ed. 99, said:

"This residuary fund was vested in the hospital. The death of the annuitant would completely end the trust."

In the case of Kings County Trust Co. v. Law, 201 App. Div. 181, 194 N. Y. S. 370, affirmed without opinion in 234 N. Y. 610, 138 N. E. 466, a situation similar to the one here arose under the New York Income Tax Act

and the income though ultimately passing to corporations exempt under the New York act was held taxable as against the executor during the period of administration: The opinion in the Appellate Division did not discuss or mention the cases of People ex rel. Crook v. Wells or Lederer v. Stockton, supra, and there was a dissent in the Court of Appeals by Judges Cardozo, McLaughlin, and Crane from the decision of the four judges holding the income taxable in the hands of the executors. Moreover, the Legislature, pending the litigation (Laws 1922, c. 426), amended the act, so that no question of taxation of income destined for charitable corporations could thereafter arise and the case when finally decided was not a test case and relatively unimportant. Furthermore in a technical sense the exemption in the state statute did not reach the income in question in the Kings County Trust Company Case for section 359 (2) (g) of the New York act (Consol. Laws, c. 60, as added by Laws 1919, c. 627) provided that the term "gross income" should not include income "received" by religious, etc., corporations, and the income had not been literally *received*.

In the present litigation the debts of the Sage estate, so far as known, are alleged to have been paid during the year 1919, and the legacies and expenses seem properly to have been payable out of principal. Part of the income was earned out of assets distributable after one year from the date of letters testamentary in satisfaction of legacies as well as payable in due course of administration in discharge of debts and expenses, but the income from all of these sources belonged to the residuary legatees.

[2] Furthermore, it is unimportant whether all of that income was derived from capital passing to them or not; if it in equity belonged to them, it was, except for the exemption, taxable as such from whatever source derived. Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897. I think it reasonable to suppose that the income on which income taxes must be paid by an executor while the estate is in process of administration or settlement is only such income as is ultimately taxable as such and that the liability of income to taxation does not depend on where the legal title is vested but upon who is ultimately entitled to the property constituting that income.

The executors further rely on paragraph (c) of section 219 of the act of 1918 already quoted. That provides that in the case of income received by estates of deceased persons during the period of administration or settlement "the tax shall be imposed upon the

net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary."

There was a claim made in the returns filed in this estate that the income in question was not taxable because it belonged to tax exempt corporations, but it was not paid to them during the year 1919, nor was it credited to them on the books until 1923, after the government had changed its former ruling and held the estate taxable as an entity upon this income. While the act does not prescribe when the income of the year is to be paid or credited to the legatee in order to render it deductible, there is force in the argument that an entry subsequent to the year 1919 did not satisfy the statute and would not be regarded as effecting the tax in the case of a taxable legatee. If the word "credited" is intended to cover all such sums as the executors may at any time set aside on the estate books or in their judicial accounts as applicable to a beneficiary, the provisions of section 219 of the act of 1918 taxing estates during the period of administration will be limited to income accumulated in trust for unascertained persons with contingent interests, income held for future distribution under the terms of a will or trust and to income of such other persons as a fiduciary may choose *not* to credit. In other words, it leaves the matter in the ordinary estate where there is no trust to the option of the fiduciary. Certainly the government adopted this view as to the general legatees under the Sage will, whose legacies were not paid within the year and allowed them rather than the estate to return and pay taxes on such income items. Strangely enough, as a matter of consistency the department only refused to allow this method of return in case of the tax exempt corporations.

[3] There is nothing, however, in section 219, supra, to prescribe when income may be credited to legatees and it is perhaps more reasonable to interpret it as allowing the executor to credit income to a beneficiary after the amount is established beyond a peradventure, or after he realizes the importance of such action to the beneficiary, than to construe the statute with rigor and leave the matter wholly to the chance of an entry by a bookkeeper before the last day of the tax year. Is it reasonable to suppose that an entry must be made before the books can ordinarily be written up in preparation for income tax returns and that a credit even a week later will result

in losses of hundreds of thousands of dollars to innocent taxpayers? The option left to the fiduciary under any interpretation results in serious practical difficulties. It is reasonable, therefore, to hold that the return of estate income, even in the case of a taxable individual, may be made either by himself or by the executor. What the act has endeavored to reach is the income irrespective of who might pay the tax.

It is probable that section 219 (b), which allows a deduction by the fiduciary of any part of the gross income "paid to or permanently set aside for" religious, charitable, scientific or educational corporations "pursuant to the terms of the will or deed creating the trust" is not applicable. At first the executors of the Sage estate seem to have relied upon this provision. But as the will in terms does not refer to income, and the income merely passes to the residuary legatees along with the disposal of the principal, it may well be contended that no income was ever permanently set aside *"pursuant to the terms of the will."* Yet it was disposed of by the will and so far as not used to pay off items chargeable against income might be said to have been "set aside" for the corporations for which it was ultimately destined. If, however, the word "trust" in the clause "pursuant to the terms of the will or deed creating the trust" means only literal trusts and does not broadly include the general fiduciary relations of executor and legatee, the provisions of section 219 (b) are not applicable to the residuary legatees under the Sage will.

[4] But entirely irrespective of the provisions of section 219, subdivisions (b) and (c), of the Revenue Act of 1918, the sweeping exemptions of section 231 (6) thereof, in my opinion save the residuary legatees from taxation. Undoubtedly the terms of the act are confusing and this case is not free from doubt, but I believe that broadly speaking the purpose of the statute is to exempt from taxation all income essentially belonging to religious, charitable, scientific or educational corporations. In this view one can hardly suppose that moneys entirely exempt from taxation when in the hands of the residuary legatees are to be subjected to taxation because of a failure of an executor (often more or less accidental) to distribute, or the neglect of a bookkeeper to enter a credit during the tax year. It is evident that the entry might have been made or the income safely distributed in this very case. There was ample principal to justify the act, if it had been thought necessary in order to save the tax.

The motion to dismiss the complaint is denied. The defendant may answer within 20 days, and, in the event of failure so to do, judgment will go against him for the amount demanded in the complaint.