*1392 OPINION.
Love:
The petitioner contends, and the Commissioner denies, that the profit of $36,197.25 derived by it in 1920, as trustee of the residuary estate, vested in it immediately and was set aside permanently for a corporation organized and operated exclusively for charitable purposes, or in case of a surplus, then to the extent of the surplus, for a political subdivision of the State of Indiana.
The stock of the Andrews Theatre Co., the Whiteley Steel Co., and the Whiteley Malleable Castings Co. was held by the trustee who was directed to pay the income therefrom or the income from the reinvested proceeds thereof, to certain named beneficiaries for life and thereafter to the Muncie Home Hospital, an exempt corporation.
In the year 1920, both the Whiteley Steel Co. and the Whiteley Malleable Castings Co. liquidated and the stocks of the respective companies held by the trustee were redeemed at par. In the same year the trustee sold the stock of the Andrews Theatre Co. which it held. By reason of the sale and redemption of those stocks, the trustee derived a profit of $36,197.25 which was immediately reinvested, chiefly in Liberty bonds, and the income therefrom paid to the respective life beneficiaries in the respective proportionate amounts, as provided by the will.
It is clear that the fixed annual payments amounting to only $840 were provided for by the income from securities other than those, the income from which was to be paid to the life beneficiaries and thereafter to the Home Hospital. We come, therefore, to the question as to whether the amount of $36,197.25, which immediately became part of the corpus of the trust, constituted taxable income to the trustee by reason of the fact that the income from the reinvested proceeds was payable to certain individual beneficiariés for life.
It should be observed that no part of the profit derived from the sale and redemption of the securities was, as such, paid to the individual beneficiaries. On the contrary, it became a part of the corpus *1393 of the trust, the income from which, at least to the extent of the income from those securities set aside for the individual life beneficiaries, was vested in a charitable corporation, subject only to the life interests of the respective beneficiaries.
We are of the opinion that the amount of $36,197.25, the income in question upon which the Commissioner is attempting to assert a tax, was permanently set aside for a charitable corporation as described in section 219 (b) of the 1918 Act. It seems clear to us that if that income ($36,197.25) should be reduced by the amount of the proposed tax, merely because certain beneficiaries are for life entitled to receive the income from the reinvestment thereof, the loss occasioned thereby would fall directly upon the Muncie Home Hospital, the exempt corporation. It is our opinion, therefore, that the income in question is deductible under the provisions of section 219(b) in determining the net income of the estate, for to hold otherwise “ would be to destroy the beneficent purpose of Congress.” Lederer v. Stockton, 260 U. S. 3.
The Commissioner asserted a penalty of $1,349.83, representing 25 per cent of the deficiency proposed, for delinquency on the part of the petitioner. It is urged that, as the petitioner filed only a fiduciary return for 1920, there was a failure to file the return required by law. It 'is further urged that the assessment of the penalty is mandatory under section 3176 of the Revised Statutes of the United States, as amended.
The parties hereto have agreed that petitioner filed a fiduciary return for 1920, which we assume was Form 1041, showing distributable income. They have also agreed that Form 1040, showing income to the trustee, was not filed.
Section 3176 of the Revised Statutes, as amended, reads:
In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner of Internal Revenue shan add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax.
The petitioner filed a fiduciary return showing distributable income, fully believing that the amount of $36,197.25 did not constitute taxable income in its hands and we have herein held that such was the case. Obviously, there is no tax for 1920 by which to measure a penalty.
Reviewed by the Board.

Judgment will be entered for the petitioner.