*1161 OPINION.
MuRdock:
The respondent defends as to the first issue, only on the broad ground that picnic expenses can not be considered ordinary *1162 and necessary expenses. We think that it has been sufficiently demonstrated in this case that they were ordinary and necessary expenses of carrying on the department store business of the partnership. Poinsett Mills, 1 B. T. A. 6; Holt Granite Mills Co., 1 B. T. A. 1246; Anniston City Land Co., 2 B. T. A. 526; Elm City Cotton Mills, 5 B. T. A. 309; Hibbard, Spencer, Bartlett & Co., 5 B. T. A. 464; Popular Dry Goods Co., 6 B. T. A. 78; Superior Pocahontas Coal Co., 7 B. T. A. 380; McGoy-Brandt Machinery Co., 8 B. T. A. 909. The partnership net income should be redetermined by allowing this deduction and the distributive shares of thfe petitioners redetermined accordingly.
The petitioner J. W. Bowman claims the right to deduct the amounts which he contributed to the trust which he established in his name. For the year 1920 he claims this right under section 214 (a) (11) of the Revenue Act of 1918, which is in part as follows:
(a) That in computing net income there shall be allowed as deductions:
# # * * ⅝ * *
(11) Contributions or gifts made within the taxable year to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual ⅛ * *.
For the years 1921 and 1922 he claims this right under section 214 (a) (11) of the Revenue Act of 1921, which is in part as follows :
(a) That in computing net income there shall be allowed as deductions:
*******
(11) Contributions or gifts made within the taxable year to or for the use of: * * * (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, including posts of the American Legion or the women’s auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; * * *.
This is the first case of its kind which has ever come to our attention. We know of no decided case involving an alleged contribution to a trust for the use of charitable and the other organizations as a class. In Mortimer G. Adler, 5 B. T. A., 1063, we decided that the petitioner therein was not entitled to deduct premiums paid on a policy of life insurance on his own life where he had named as beneficiary certain religious and charitable corporations but had retained the right to change the beneficiary. The present case, however, is distinguishable from the Adler case, for here the petitioner did not reserve the right to change the beneficiary.
The wording of the part of the 1918 Act above set forth differs materially from that of the Revenue Act of 1921. In the former *1163 Act Congress has limited the deduction to contributions or gifts made to corporations, as defined in the statute, while in the latter Act it has used the words “ or for the use of ” and also the words “ or community chest, fund, or foundation.” It is obvious that these additional words used in the later Act allow the deduction of contributions which were formerly not allowed. The gifts here in question were not made to a corporation organized and operated exclusively for religious, charitable, scientific or educational purposes or for the prevention of cruelty to animals. They were not made to a corporation at all but on the contrary were made to a trustee, and they might go to a community chest. It follows, therefore, that the petitioner is not entitled to deduct any part of the $4,500 which he contributed to the trust in 1920. Ellen Nevins, Executrix, 1 B. T. A. 1162.
The situation under the Revenue Act of 1921 is different. It is true that in almost every case that has come before this Board involving contributions, the contributions in question have been made to some specifically named recipient. However, we find nothing in the Revenue Act of 1921 requiring the naming of any particular recipient, but on the contrary the language employed by Congress in this Act in our opinion permits the deduction of contributions made for the use of any one or all of a class consisting for example of the churches, the hospitals, or the children’s homes situated in any part of the United States, no part of the net earnings of which inures to the benefit of any private stockholder or individual. If the petitioner in this case had established a trust similar to the one which he did establish and had provided therein that the trustee should distribute the income and/or the corpus of the trust to any one or more of the churches in Harrisburg organized and operated exclusively for religious purposes, no part of the net earnings of which inured to the benefit of any private stockholder or individual and during each of the taxable years had contributed $5,000 to this trust, this amount would be a contribution within the meaning of the Revenue Act. Furthermore, if he sees fit to extend the class which may benefit by his gift and, in extending the class, uses the very words of the Revenue Acts to include corporations or associations organized and operated exclusively for religious, charitable, scientific and educational purposes, no part of the net earnings of which inures to the benefit of any private stockholder or individual, we see no reason why he should be any the less entitled to deduct from his income the amount which he contributed in any year. Cf. Ould v. Washington Hospital, 95 U. S. 303; Lederer v. Stockton, 260 U. S. 3. Paragraph 9 of the deed of trust provides that the fund may be turned over to the Harrisburg Foundation for administration, but only for the purposes thereto *1164 fore set forth in the deed of trust. This foundation is a community chest. In this provision of the trust instrument there would be no bar to the right of the petitioner to deduct the amount contributed, subject to the 15 per cent limitation.
The petitioner definitely parted with the money which he gave to the trust and thereafter he had no equitable nor legal claim to the amount. The beneficiaries under the trust are, of course, somewhat uncertain, but they are limited to a class. It is also true that during the taxable years no one in the class received any benefit from the amounts contributed by the petitioner to the trust. However, no one outside the class can ever benefit by the contribution and machinery was set in motion whereby in all likelihood some member of the class would benefit. In our opinion this was the sort of thing that Congress intended to encourage, and under the 1921 Act, or for the years 1921 and 1922, the petitioner is entitled to deduct as contributions, subject to the 15 per cent limitation, the amounts which he gave to the trust, namely, $3,500 and $2,000.
Reviewed by the Board.

Judgment will be entered under Rule SO.