BANK OF AMERICA NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE WILL OF JAMES HALE BATES, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40078.   Promulgated May 29, 1930.

*Richmond L. Brown, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

## OPINION.

TRUSSELL: The income tax in the amount of $1,809.98 has been proposed by the respondent as a tax on the profit of $27,874.81 derived by the petitioner, as trustee, upon the sale of certain trust assets in 1926.

Section 219 of the Revenue Act of 1926 provides:

SEC. 219. (a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—

(1) There shall be allowed as a deduction (in lieu of the deduction authorized by paragraph (10) of subdivision (a) of section 214) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214, or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit;

\*       \*       \*       \*       \*       \*       \*

The issue raised by the pleadings is whether one-half of the said profit was permanently set aside by the trustee under the provisions of the will for religious, educational and charitable institutions within the meaning of the above-quoted section 219 (b) (1) and is therefore deductible.

The profit of $27,874.81 derived by petitioner, as trustee, from the sale of trust assets was an accretion to the principal of the trust fund and was not distributable to the life beneficiary. *Stewart* v. *Phelps*, 71 App. Div. 91; 75 N. Y. S. 526; affirmed without opinion, 173 N. Y. 621; 66 N. E. 1117; *In Re Stevens*, 46 Misc. Rep. 623; 95 N. Y. S. 297; *Baker* v. *Thompson*, 181 App. Div. 469; 168 N. Y. S. 871; *Richmond* v. *Richmond*, 123 App. Div. 117; 108 N. Y. S. 298; affirmed without opinion, 196 N. Y. 535; 89 N. E. 1111. Therefore, the said profits became a portion of the corpus of the trust which will be distributed in accordance with the provisions of the will upon the death of the testator's daughter, the present life beneficiary.

The tenth paragraph of the will provides that the testator's daughter shall have the power of appointment over $75,000 of the principal of the trust remaining at the time of her death and the eleventh paragraph provides that such remainder shall be further reduced by the sum of $5,000 bequeathed to the Greenwood Cemetery of Brooklyn for the care of the testator's lot.

In the twelfth paragraph of the will the testator made bequests totaling $145,000 to 12 corporations organized and operated exclu-

sively for religious, charitable, scientific, literary or educational purposes, and a bequest of $5,000 to the Hamilton Club of Brooklyn, and further provided that if the remaining principal of the trust should be insufficient to pay all of those sums it should be distributed pro rata among them, and that if the remainder should exceed the aggregate of those sums, such excess should be added pro rata, except that, as provided in the fifteenth paragraph of the will, the total amount so distributed should not exceed one-half of his estate. Any excess above such one-half was bequeathed to the next of kin of the testator, his wife and his daughter, as if each of them had died intestate. It is entirely improbable that the testator thought that each of those institutions would get the exact amounts specified, for he could not foretell whether his wife and daughter would exercise their respective powers of appointment over $225,000 of the corpus of the trust fund, nor could he foretell what future accretions or losses to the trust fund might occur. It is clear that his intention was merely to provide for their pro rata shares of an amount to be determined by future events.

In our opinion the testator intended that the pro rata shares of a portion of the trust fund bequeathed to the 13 institutions mentioned in the twelfth paragraph of the will were not to be definitely fixed or permanently set aside until after the death of the two life beneficiaries at some future date. We are also of the opinion that the fifteenth paragraph of the will limits the amount to be so distributed in the future to one-half of the value of the testator's estate, for the language employed in the fifteenth paragraph, considered with the language employed in the twelfth paragraph, plainly refers to the future value of the remainder of the principal of the trust fund after the death of the two life beneficiaries. In the said paragraph the testator states that, " If it shall occur that the principal of the trust disposed of by the Twelfth Paragraph or as therein enumerated exceed one-half my estate," the excess above such one-half shall be divided and go, " one-third to the next of kin of myself as if I had died intestate; one-third to the next of kin of my wife as if she had died intestate; and one-third to the next of kin of my daughter as if she had died intestate." Clearly, the excess above such one-half of the estate is to be both determined in amount and distributed after the death of the two life beneficiaries.

The terms of the will creating the trust do not permanently set aside any ascertainable portion of the trust assets for the bequests made in the twelfth paragraph thereof and therefore no part of the profits in question represents an accretion in the value of trust assets so set aside. The said profits represent an accretion in the value of the total principal of the trust fund, which, upon the death of the

daughter, the present life beneficiary, will be distributed, $75,000 as directed by the daughter if she exercises her power of appointment; $5,000 to the Greenwood Cemetery; an amount not in excess of one-half of the testator's estate as directed in the twelfth paragraph of the will; and the balance, if any, to certain next of kin.

Counsel for both parties have argued as to the effect of possible future accretions or losses to the principal of the trust fund, but we can not base our decision upon what may happen in the future. The facts are that in 1926 the amount of the principal of the trust was sufficient to provide a considerable sum for the next of kin and if we were to deal with probabilities it would be reasonable to say that the profits of $27,874.81, and also future capital gains, would effect merely an increase in the amount left to the next of kin.

The petitioner relies upon the case of *Ithaca Trust Co.* v. *United States*, 279 U. S. 151, but that decision is not in point with the case at bar, for it involved the question of whether the value at the date of the testator's death of gifts to charity could be ascertained for the purpose of a deduction under section 403 (a) (3) of the Revenue Act of 1918 in determining the value of the net estate subject to estate tax.

The case at bar is also distinguished from the case of *Lederer* v. *Stockton*, 260 U. S. 3, which arose under the Revenue Act of 1916, and, further, the entire residue of the trust fund went to the hospital upon the death of the life annuitant.

In the cases of *Herbert J. Slocum et al., Executors*, 6 B. T. A. 36; *E. Sohier Welch et al., Trustees*, 9 B. T. A. 1370; *Hu L. McClung et al., Executors*, 13 B. T. A. 335; and *E. C. Johnson, Executor*, 13 B. T. A. 850, the Board held that income and gains accruing to charitable, religious, and educational institutions under the terms of a will were deductible from the gross income of the estate or trust, but those cases are distinguished from the case at bar in that in each of them the entire residue was left to such institutions and there was no question but that the gains in controversy were permanently set aside for those institutions under the terms of the will. In the case at bar the gains and profits became a part of the whole corpus of the trust, a part of which will be distributed to other than tax-exempt institutions.

In the case of *Irving Bank-Columbia Trust Co. et al., Executors*, 8 B. T. A. 833, the terms of the will provided for the proportionate interest of each person and tax-exempt institution sharing the residue of the estate and the executors immediately determined and recorded those fractional interests. The Board held that the respective shares of the gains and profits were fixed and ascertainable, and that the shares belonging to charitable and educational institutions

were permanently set aside under the terms of the will and therefore were deductible from the gross income of the estate. In the case at bar the terms of the will do not provide for any definite proportionate shares of the residue which are to be subject to the powers of appointment, to go to the cemetery, or to be divided among the thirteen institutions named in the twelfth paragraph of the will.

We are of the opinion that in taxing the income of a trust, it is the intention of Congress to tax the trust for all income received by it which can not be definitely and legally paid to or permanently set aside for a definite beneficiary under the terms of the will or deed creating the trust. With respect to the case at bar, we are of the opinion that under the terms of the will the income in question in the amount of $27,874.81, or any ascertainable portion thereof, was not permanently set aside for religious, charitable, scientific, literary or educational institutions and that petitioner, as trustee, is not entitled to the deduction sought under section 219 (b) (1) of the Revenue Act of 1926.

Compare *James D. Williamson et al., Executors*, 7 B. T. A. 1033, and *George G. Clark et al., Trustees*, 8 B. T. A. 197, which, in some respects, are similar to the case at bar.

*Judgment will be entered for the respondent.*