## POTTER v. BOWERS.

District Court, S. D. New York.

July 8, 1936.

Middlebrook & Sincerbeaux, of New York City (Frank H. Sincerbeaux and Robert S. Dornon, both of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Ralph E. Stone, Asst. U. S. Atty., of New York City, of counsel), for defendant.

COXE, District Judge.

This is a suit to recover additional income taxes of $65,760.81 collected from the estate of Henry J. Braker, deceased, for the years 1917, 1918, 1919, 1920, 1921, and 1923.

The taxes were assessed as a result of the disallowance as deductions of certain income claimed to have been permanently

set aside for the Braker Memorial Home, a charitable corporation, organized pursuant to directions contained in the will of Henry J. Braker, deceased.

The case was tried before a jury of one, on an agreed statement of facts, and at the conclusion of the trial both sides moved for a directed verdict.

Henry J. Braker died on September 1, 1908, a resident of New York state. He left a will which was admitted to probate in New York county, and, on September 22, 1908, letters testamentary were issued to Austin B. Fletcher and Katharine T. Braker, the testator's widow. Austin B. Fletcher died on July 5, 1923, and Katharine T. Braker died on August 2, 1923. On July 21, 1923, the plaintiff was appointed successor executor, and is still acting in that capacity.

By paragraph thirty-eighth of the will, as modified by paragraph seventh of the codicil, the sum of $1,000,000 was bequeathed to the plaintiff, Austin B. Fletcher, and John Anderson, as trustees, with a direction that they incorporate an institution to be known as "The Braker Memorial Home" for the maintenance of needy men and women over 50 years of age, and transfer to it the legacy of $1,000,000 left to them by the will. The will directed also that the Home be incorporated as soon as it could "conveniently be done."

During the year 1911, Austin B. Fletcher prepared a certificate of incorporation of the Braker Memorial Home, which the secretary of state of New York refused to file because of a purely technical defect in its preparation. Nothing further was done with the incorporation until after the plaintiff's appointment as executor in 1923, when an entirely new certificate was prepared. This certificate was filed with the secretary of state of New York on April 7, 1924, and thereafter the Braker Memorial Home constructed a building in the borough of the Bronx, New York City, which was formally opened on January 14, 1929.

After the plaintiff's appointment as executor, it was found that no income tax returns had been filed by the estate. It apparently was assumed that the entire income of the estate was exempt, for by January 1, 1917, all of the general legacies had been paid, except the legacy of $1,000,000 for the Home, and a small legacy of $10,000 to a charitable institution, which was subsequently paid without interest, and there was no possibility of there being any residuary estate.

After the death of the testator's widow, Katharine T. Braker, three of her children by a former marriage, who would have been entitled to the residuary estate, if there had been any, threatened to contest the validity of the bequest for the Home, on the ground that it violated the rule against perpetuities, and, although plainly the contention was without merit (Allen v. Stevens, 161 N.Y. 122, 55 N.E. 568; Matter of Potts, 205 App.Div. 147, 199 N.Y.S. 880, affirmed 236 N.Y. 658, 142 N.E. 323), it was decided to negotiate an amicable settlement. The controversy was finally disposed of by agreement, dated February 11, 1925, between the Home and the children, pursuant to which the Braker Memorial Home received its legacy of $1,000,000, with interest at about 4½ per cent., and the balance of the estate was distributed to the three children of Katharine T. Braker. The result of this settlement was that the Home received about 85½ per cent. of the funds in the hands of the plaintiff, as executor, including about 85½ per cent. of the net income earned during the taxable years 1917 to 1923, inclusive; the balance of 14½ per cent. being paid to the three children of Katharine T. Braker.

On June 15, 1925, the plaintiff filed with the collector income tax returns for the taxable years in question, namely, 1917, 1918, 1919, 1920, 1921, and 1923, in each of which 85½ per cent. of the net income received by the estate was claimed as a deduction on the ground that it had been definitely and permanently set aside for the Braker Memorial Home a charitable corporation, and was, therefore, exempt from taxation. The Commissioner disallowed the deductions claimed, holding that the statutory exemption applied only to amounts "paid or permanently set aside for corporations presently organized and operated" for charitable purposes, and not for corporations "to be organized and operated" for such purposes. The plaintiff thereupon paid under protest the additional taxes, with interest and penalties, aggregating $65,760.81, on January 15, 1927, filed claims for refund, and, on their disallowance, commenced the present suit for recovery.

Section 11 (a) of the Revenue Act of 1916, 39 Stat. 766, provides that estates of deceased persons shall not be taxed for income "received by any * * * corpora-

tion or association organized and operated exclusively" for charitable purposes. Section 219 (b) of the Revenue Act of 1918 (40 Stat. 1071) similarly exempts the income of an estate which "is during the taxable year paid to or permanently set aside for * * * any corporation organized and operated exclusively" for charitable purposes. The same exemption, in practically identical language, is to be found in sections 214 (a) and 219 (b) of the Revenue Act of 1921 (42 Stat. 239, 246).

■ It is well settled that these exemptions are not dependent on actual payment of the income to a charitable corporation during the taxable year. Lederer v. Stockton, 260 U.S. 3, 43 S.Ct. 5, 67 L.Ed. 99. Nor are they affected by the manner in which the books of the estate are kept. Bowers v. Slocum (C.C.A.) 20 F.(2d) 350. It is sufficient if, by the terms of the will, the income is permanently set aside for a corporation "organized and operated exclusively" for charitable purposes. Lederer v. Stockton, supra; Bowers v. Slocum, supra.

■ It is insisted by the defendant that the bequest for the Braker Memorial Home was conditional, and that, therefore, there was no permanent setting aside of the income for charitable purposes, as required by the statutes. The will, however, contained a firm direction that the Home be incorporated, and neither the inaction of the trustees nor their refusal to proceed could work an abandonment. Indeed, it is expressly provided in the seventh paragraph of the codicil that if the trustees should for any reason fail to act, the trust would "be vested in and fully executed by the Supreme Court of the State of New York." Moreover, the gift to the trustees was in no way conditional; and on January 1, 1917, it was apparent that the entire fund in the hands of the executors, with the exception of the small legacy of $10,000, which had been refused, would go to the Home on its incorporation. The settlement effected with the three children of Katharine T. Braker did not change the situation, for this settlement was not made with the estate, but directly with the Home; and the children took by contract and not under the will. In re Cook's Estate, 187 N.Y. 253, 79 N.E. 991. I have no difficulty in holding, therefore, that the income was permanently set aside for the Home.

■■ But was it necessary for the Home to be in existence during the taxable years in question in order that the income might be exempt from taxation? The various statutes involved use the words "organized and operated exclusively" for charitable purposes. And in Sun-Herald Corporation v. Duggan, 73 F.(2d) 298, 300, the Circuit Court of Appeals for this circuit construed the word "organized" of a somewhat similar statute to mean "incorporated." It was also stated in the opinion in that case that, "In cases of doubt, an exemption provision in a general tax law is to be construed strictly and to be resolved in favor of the taxing power." In the face of this decision, it is not possible to construe the language of the present exemption so as to cover a corporation to be organized and operated.

The plaintiff argues that the New York courts have exempted from the payment of transfer taxes property passing by will to a charitable corporation to be organized, even though the statutes involved referred only to "a corporation * * * organized" (In re Graves' Estate, 171 N.Y. 40, 63 N.E. 787, 788) or a "charitable * * * corporation, wherever incorporated." In re Le Fevre's Estate, 233 N.Y. 138, 135 N.E. 203; and it is insisted that this liberal attitude with respect to tax exemptions of charitable trusts should be followed in the present case. There is, however, a clear distinction between transfer tax exemptions and exemptions from the payment of income taxes; and no such liberal attitude prevails in the federal courts in the construction of an exemption provision of a general income tax law as appears to have been applied by the state courts in the above cases. Sun-Herald Corporation v. Duggan, supra.

There may accordingly be a verdict for the defendant dismissing the complaint, with costs.