E. C. JOHNSON, EXECUTOR, ESTATE OF MARY I. B. RUSSELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11250.   Promulgated October 9, 1928.

*Lucius F. Robinson, Esq.*, for the petitioner.
*John F. Greaney, Esq.*, for the respondent.

852

OPINION.

SIEFKIN: The question to be decided is whether the respondent erred in disallowing as deductions from gross income the amount of $43,844.35 for the period April 15, 1921, to December 31, 1921, and $28,314.02 for the calendar year 1922, which amounts were alleged to represent a portion of the income and gains of the estate to which residuary legatees were entitled as beneficiaries under the will of the testatrix, it being stipulated that the residuary legatees were charitable organizations within the meaning of the section of the law involved.

During the administration of the estate the executors received $41,212.27 from rents, interest and corporation dividends. Of this amount $25,422.58 was received in 1921, and $15,798.69 was received in 1922. The total amount paid over to the residuary legatees in

1922, exclusive of interest on tax-exempt bonds, was $34,855.67, of which amount $19,829.92 had been received by the executor in 1921 and $15,025.75 had been received in 1922.

During the settlement of the estate, the executors sold for the purpose of paying taxes and certain claims of pecuniary legatees, certain securities of the estate and realized a profit of $37,007.33 over the inventory value of the assets as of the time of the death of the testatrix. Of this amount $24,525.55 was realized in 1921 and $12,481.78 was realized in 1922. No payments were made to residuary legatees until 1922.

Section 219 (b) of the Revenue Act of 1921 provides:

The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made.

In the case of *Bowers* v. *Slocum*, 20 Fed. (2d) 350, decided by the Circuit Court of Appeals for the Second Circuit, June 6, 1927, it was held that where a will gave the residue of an estate to 35 seperate charitable, religious and educational corporations, and provided that if any such corporation be incapable of taking it, the share of such corporation should be divided among the others in prescribed proportion, the income earned by the estate during administration and becoming part of the residue of the estate was by the will itself " permanently set aside " for the residuary legatees, within the meaning of section 219 (b) of the Revenue Act of 1918. The court in that case said:

No part of the income of this estate was paid to any of the residuary legatees during the year 1919. No entry was made on the books of the executors, crediting the residuary legatees with the income, but in the return made by the executors, in March, 1920, and in the amended returns of the income received during the year 1919, such income was returned as passing to the said corporation, and as subject to no tax.

Section 219 (b) does not make the deduction depend upon the action of the executors in crediting the income upon their books, but upon the permanent setting aside of the income by the will itself for corporations of the character in question.

\*     \*     \*     \*     \*     \*     \*

The intention of the testatrix plainly appears from her will that all of her residuary estate shall go to corporations of the character described in section 219 (b), and the residuary estate includes the income in question. * * *

See also *E. Sohier Welch*, 9 B. T. A. 1370, and *Herbert Jermain Slocum*, 6 B. T. A. 36, which are to the same effect.

There is no doubt that the amounts of $15,025.75 and $12,481.78, constituting income accrued in 1922 and paid in 1922 to the residuary legatees, are proper deductions under section 219 (b) of the Revenue Act of 1921.

The amount of $24,525.55 realized upon the sale of assets in 1921 and the amount of $19,829.92 claimed by the executors to be due the residuary legatees from the rents, interest and dividends in 1921, were not paid to the residuary legatees until 1922, but under the authority of the cited cases we must hold that they were permanently set aside for the residuary legatees pursuant to the terms of the will.

The evidence indicates that $44,355.47 was permanently set aside in 1921, but since the petition in regard to that period alleges error in disallowing a deduction of $43,844.35, we are precluded from allowing a greater deduction than that.

The deductions allowed then, are $43,844.35 for the period April 15, 1921, to December 31, 1921, and $27,507.53 for the year 1922.

*Judgment will be entered under Rule 50.*