BOSTON SAFE DEPOSIT AND TRUST COMPANY AND EVERETT E. KENT, SURVIVING EXECUTORS OF THE ESTATE OF HERBERT A. WILDER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 48149, 57430. Promulgated June 21, 1932.

*Harris H. Gilman, Esq.*, for the petitioners.
*C. C. Holmes, Esq.*, for the respondent.

488

VAN FOSSAN: The petitioners' first contention is that the distribution made by the trustees of the Wilder estate to the annuitants named in the sixth item of the Wilder will constituted deductions allowable under the provisions of section 219 of the Revenue Act of 1926.

The pertinent portions of that section follow:

(a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

\* \* \* \* \* \* \*

(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—

\* \* \* \* \* \* \*

(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under paragraph (3) in the same or any succeeding taxable year;

(3) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

It is stipulated that the funds from which the annuities were paid were income to the petitioner. All such income is subject to taxation under section 219 (a) and its various subdivisions. It is obvious, therefore, that in order to obtain a deduction the petitioners must bring themselves strictly within the above provisions defining it— otherwise such income remains taxable. The petitioners contend that the deduction claimed in the instant case may be taken either under paragraph (b) (2) or paragraph (b) (3) of that section.

Section 219 (b) (3) establishes two conditions under which it becomes operative, (1) the income must be received by the estates of deceased persons during the period of administration or settlement

of the estate or (2) the income must be either distributed to the beneficiary or accumulated, in the discretion of the fiduciary. Neither condition exists in the case at bar. The executors have paid over current income to the trustees who, under the direction of the sixth item under the will, executed the trust therein created. The fiduciaries have no discretion in the matter. After having paid the specific legacies contained in the will (and such legacies have all been paid) together with the expenses of administration and the charges against the estate (and such payments have been made), the petitioners must pay to the trustees and they to the annuitants named in paragraph (c) the sums set forth therein. Thus, neither the first nor the second condition has been met and section 219 (b) (3) is not applicable.

Paragraph (b) (2) of section 219 permits a deduction from income of the amount of the income which is to be distributed " currently by the fiduciary to the beneficiaries." The petitioners assert that the annuities paid under the sixth item are such distributions. In *Everett E. Kent*, 26 B. T. A. 482, promulgated this day, we have held that the amount of the annuities paid to him as a beneficiary under the said sixth item and representative of all other annuitants thereto, constituted a gift or bequest payable in installments and was not taxable to him as income. Paragraph (b) (2) when read in connection with paragraph (a) (2) clearly contemplates that deductions may be allowed only when they constitute income to the recipients. *Julia Butterworth*, 23 B. T. A. 838; *Frank Pardee et al.*, 23 B. T. A. 846; *Estate of T. S. Martin*, 24 B. T. A. 862; *Fidelity-Philadelphia Trust Co.*, 25 B. T. A. 1359. Hence, since the annuities paid to Kent and others were not income received by them as such they are not deductible under section 219 (b) (2). See *Burnet* v. *Whitehouse*, 283 U. S. 148.

The petitioners' second contention is that all income received by them in excess of the amounts required to pay fixed charges and annuities may be taken as a deduction under the provisions of section 219 (b) (1) of the Revenue Act of 1926, which reads in part as follows:

(1) There shall be allowed as a deduction (in lieu of the deduction authorized by paragraph (10) of subdivision (a) of section 214) any part of the gross income without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214, or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit; * * *

Such part of the petitioners' gross income, therefore, as is subject to deduction under this provision must be paid during the taxable

492

year or permanently set aside for the uses set forth in section 214 (a) (10) or for certain charitable purposes, pursuant to the terms of the will or deed creating the trust. It was stipulated that the fourteen institutions named in item six (g) of the Wilder will are such charitable institutions as are contemplated in that section. The petitioners do not claim that any portion of their income was paid to the charitable organizations named in the will during the taxable years, but they do assert that when they retained the surplus over the amounts paid for fixed charges and to annuitants, they "accumulated" such excess for the benefit of the charities named and thus permanently set it aside "pursuant to the terms of the will or deed creating the trust."

It is obvious that the intention of the testator and not the acts, judgment or interpretations of the trustees must determine this issue. The Wilder will provided that after the death of the decedent's last surviving daughter all the trust funds then remaining or existing should go to certain "final beneficiaries." There was no designation of the sources from which such ultimate funds should come. There was no direction that any portion of the income or corpus should be paid over or permanently set aside for any charitable purpose. The only reference to the disposition of the income was that "from the income and so much of the principal of the trust fund as may be needed or required from time to time" certain charges and the annuities should be paid.

It is clear that the testator anticipated that the income might not be sufficient to pay those charges and bequests and in recognition of the requirements of Massachusetts law specifically directed his executors and trustees to devote the corpus of his estate to such payments, if necessary. His primary desire and purpose evidently were to see that his bequests to the members of his family and his gifts to his friends should be paid completely during each year of their lives and in the indicated installments, until the death of his last surviving daughter. Then, and then only, would the charities receive what was left of his estate, if anything.

The petitioners' counsel make the following statement in their brief: "The possibility of invasion of the original principal, or of the excess income added to principal from year to year to pay these annuities is extremely remote and in such cases it has been clearly decided that no consideration should be given to such a theoretical contingency." We are unable to agree with this conclusion. A list of the assets of the Wilder estate was not submitted to us, but we do know that the chief source of income was from dividends and that during 1926 and 1927 the returns were approximately 5 per cent on the value of the estate. The payment of annuities consumed $35,082.82 in 1926 and $33,862.88 in 1927. The amount paid

for taxes and other fixed charges was $6,074.71 in 1926 and $6,592.67 in 1927. But in 1926 the excess over the payments under item six of the will was $18,324, while in 1927 it was only $12,992.36. If this rate of diminution were continued the requirements under item six, paragraphs (a), (b) and (c), would soon invade the amounts previously " permanently set aside " for the eleemosynary and educational institutions enumerated in paragraph (g), and perhaps also the corpus of the estate would be impaired. Furthermore, we have no evidence that the petitioners did permanently set aside such excess other than their claim for its deduction in their income-tax return " on the ground that it was executed for the benefit of charity as provided in the will."

We are of the opinion that the testator intended that neither the prorated shares of the residuary estate bequeathed to the fourteen institutions mentioned in item six (g) of the will, nor any portions thereof derived from income, were to be definitely fixed or permanently set aside until after the death of his last surviving daughter and that, therefore, the petitioners neither could nor did so set aside for the benefit of such institutions the amount of the income received during the years in question in excess of the sums required to pay the expenses of the trust and the annuities established by the will. See *Bank of America National Association, Trustee,* 19 B. T. A. 1273, in which we said, " we are of the opinion that in taxing the income of a trust, it is the intention of Congress to tax the trust for all income received by it which can not be definitely and legally paid to or permanently set aside for a definite beneficiary under the terms of the will or deed creating the trust." See also *Charles P. Moorman Home for Women* v. *United States,* 42 Fed (2d) 257. The petitioners are not entitled to the deductions claimed by them under section 219 (b) (1) of the Revenue Act of 1926.

The petitioners further claim that, in any event, under our decision in *Boston Safe Deposit & Trust Co. and Everett E. Kent, Executors, Estate of Herbert A. Wilder,* 20 B. T. A. 1159, they are entitled to deduct the earnings of a fund of $345,000 which has already been determined by this Board to be the minimum deductible value for a remainder left to charity. That case, however, was an estate-tax case in which the sole issue was the amount to be deducted in determining the net estate under section 403 (a) (3) of the Revenue Act of 1921. It involved the same petitioners and the same estate that are before us now. We there held that the petitioners were entitled to deduct $345,000 representing the value of the residuary estate which would ultimately go to certain educational and charitable institutions under item six (g) of the Herbert A. Wilder will.

The appraisal of an apparently stable and liquid fund of securities for estate-tax purposes is a far different matter from that of gauging the recurring yearly return from such a fund, from the viewpoint of the income tax thereon. While we may have felt reasonably sure that in 1923 a fund of $345,000 would be free from invasion by the demands of the sixth item of the will until the death of the testator's last surviving daughter, it does not follow that the possibility of requiring the entire current income to pay constantly increasing tax and expense charges and the definite burden of annuities was extremely remote. Decedent's care and concern that his daughters should receive a continuous benefit from his estate under all circumstances and an added assistance in times of emergency are apparent from items five and six (d) of his will. All such needs were to be met fully before the several institutions were to receive any legacy whatever.

No specific fund amounting to $345,000 was segregated, designated or recognized as being the minimum amount which ultimately will go to charities nor was it permanently set aside for such purpose. No income, therefore, was identified as arising from securities belonging to the residuary legatees and we have no reason to assume that ultimately they will receive all or any part of such income.

Therefore, by giving to the will of Herbert A. Wilder the interpretation which we believe is clear and unmistakable, we hold that the petitioners are not entitled to the deductions claimed under section 219 of the Revenue Act of 1926 and that the deficiencies in income for the years 1926 and 1927, including the profit from the sale of securities in 1927, as determined by the respondent, should be approved.

Reviewed by the Board.

*Decision will be entered for the respondent.*