GERTRUDE HEMLER TRACY, MARGARET M. REICHERT, AND CENTRAL TRUST COMPANY, TRUSTEES UNDER THE WILL OF DAVID E. TRACY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 54828, 62982. Promulgated July 10, 1934.

*Henry Gross, Esq.,* and *Wm. Clarke Mason, Esq.,* for the petitioners.

*F. A. Surine, Esq.,* for the respondent.

OPINION.

GOODRICH: In these proceedings, which were consolidated for hearing, petitioners contest the following income tax deficiencies determined by respondent:

| | |
|---|---|
| 1927 | $2, 618. 24 |
| 1928 | 10, 384. 08 |
| 1929 | 10, 525. 53 |

Petitioners allege generally that respondent erred in determining that they received income on which they, as trustees, are liable for income tax. More specifically, the issues to be decided are two, and relate to the computation of the taxable income of the trust. They are, first, whether there shall be deducted amounts distributed pursuant to the terms of his will to decedent's widow, she having elected to take thereunder in lieu of dower, and, second, whether there shall be deducted capital gains upon sales of securities added to the corpus of the trust, because permanently set aside for charities.

The facts are stipulated, and we adopt the stipulation as our findings of fact. For the purposes of this report the following statement will suffice: Petitioners are the trustees under the will of David E. Tracy, who at the time of his death, February 10, 1923, resided in Harrisburg, Pennsylvania. In his will, after making certain minor bequests, he established a trust for the residue of his estate. The entire income from the trust (to be paid over quarterly) was left to his widow for life. The will enjoined upon her the obligation to pay $100 a month to the testator's two brothers and $200 a month to his sisters " providing the income from my estate amounts to at least four (4) times the sum of these amounts. In the event it does not, the payments can be reduced accordingly."

Upon the death of the widow, the trustees were to create and establish, from the original trust fund, various new trusts. The income from the corpus of $250,000 in one of these trusts was to be paid to the brothers and sisters of the testator during their lives, with remainder over to a charity. The income from a corpus of $100,000 in another of these trusts was to be paid to two grandchildren until the boy was 30 years of age, whereupon they were to receive the corpus. In event of the death of both of the grandchildren before attaining the specified age, the corpus went to charity.

The balance of the original trust fund went either directly or through the medium of trusts to charities. All of the charitable institutions mentioned in the will are organizations within the purview of sections 214 (a) (10) and 219 (b) (1) of the Revenue Act of 1926 and sections 23 (n) and 162 (a) of the Revenue Act of 1928.

The will further provided that, if on the death of the widow the original trust fund was insufficient to pay all bequests, the trustees should decrease, in proportion to their respective amounts, the bequests to charitable institutions, leaving intact and in the full specified amounts the two trusts created for the testator's brothers and sisters, and for the two grandchildren.

Decedent's widow elected to take under the will in lieu of dower. The aggregate payments made to her from the estate, up to and including the year 1929, did not exceed the amount to which she would have been entitled as dower under the laws of Pennsylvania.

The income of the estate, and the amounts paid by the trustees to the widow and the family annuitants during the taxable years here before us were as follows:

| Year | Net income of estate | Capital net gains | Amounts paid to widow | Amounts paid to various annuitants |
|---|---|---|---|---|
| 1927 | $49,094.92 | $5,256.11 | $41,894.92 | $7,200 |
| 1928 | 99,411.52 | 1,147.63 | 92,211.52 | 7,200 |
| 1929 | 100,960.25 | | 93,760.25 | 7,200 |

The capital net gains in 1927 and 1928 were not distributed but were added to the corpus of the estate.

The net market value of the corpus of the estate throughout these years was never less than $1,400,000.

Respondent determined the trustees to be liable for income tax on the amounts distributed to decedent's widow, and also on the capital net gains.

Respondent has refused to allow as a deduction in determining the taxable income of the trust during the years 1927 to 1929, inclusive, either the amounts distributed to the widow, or the capital gains added to the corpus, and, consequently, has laid a tax on these items.

In so doing with respect to the trust income paid the widow, he was in error. It is now settled that where, as here, a widow elects to take under the will of her husband in lieu of dower, trust income currently distributed to her in accordance with the provisions of the will is deductible in computing net income subject to tax. Sec. 219 (b) (2), Revenue Act of 1926; sec. 162 (b), Revenue Act of 1928; *Butterworth* v. *Commissioner*, 290 U.S. 365.

But we sustain respondent's denial of deductions of the capital gains. The statute (section 219 (b), Revenue Act of 1926) permits

the deduction of such amounts of income which, pursuant to the instrument creating the trust, are paid or permanently set aside within the taxable year for charitable and other specified uses.

We have heretofore corrected respondent's disallowance of that deduction where it appeared that income or gains accrued to one or more of the specified institutions, or were properly added to the trust corpus, and definitely set aside, either directly or as a part of an indefeasible residue, for ultimate delivery to such institutions.[1]

But that is not the situation in the case at bar. Assuming that, despite the lack of directions in the will respecting accumulations, these gains were properly added to the trust corpus under the laws of Pennsylvania—see *Anna M. Chambers et al., Trustees*, 29 B.T.A. 971—still it does not appear that they were paid to or definitely set aside for charities.

This will established no definite fund for the charities instanter. It provided that *upon the death of the life beneficiary* certain trusts for designated members of the testator's family should be established and then the *residue* should be put in trust as directed for the charities. The amount of the funds for the charities therefore was contingent upon the successful survival of the trust corpus during the widow's life, with retention of funds sufficient to establish in full amount the directed trusts for the testator's brothers and sisters, and his grandchildren. While, as petitioners point out, during the period of which this record gives us knowledge the trust suffered no diminution to jeopardize the ultimate establishment of the charitable trusts in the amounts directed, nevertheless, the possibility of frustration through economic reversal must be recognized.

We conclude that, under this will, no part of the trust estate was paid or permanently set aside, during the period before us, for any charitable institutions recognized by statute, and that respondent was right in disallowing as deductions from income the items of gain. *Bank of America National Assn., as Trustee*, 19 B.T.A. 1273; *Charles W. Jaynes et al., Trustees*, 29 B.T.A. 259; *Boston Safe Deposit & Trust Co. et al., Executors*, 26 B.T.A. 486; affd., 66 Fed. (2d) 179; certiorari denied, 290 U.S. 700; *Fidelity-Philadelphia Trust Co., Trustee*, 25 B.T.A. 1359; reversed as to first point considered in the case now at bar, 63 Fed. (2d) 949; 290 U.S. 365.

*Judgment will be entered under Rule 50.*

---

[1] See *Herbert Jermain Slocum et al., Executors*, 6 B.T.A. 36; *E. Sohier Welch et al., Trustees*, 9 B.T.A. 1370; *Hu L. McClung et al., Executors*, 13 B.T.A. 335; *E. C. Johnson, Executor*, 13 B.T.A. 850; *People's Trust Co., Trustee*, 10 B.T.A. 1385. See also *Bowers v. Slocum*, 20 Fed. (2d) 350.